■ Bishop W. Rowe, Appellant, v NYCPD et al., Respondents. [926 NYS2d 121]—

In an action, inter alia, to recover damages for negligence and violation of civil and constitutional rights pursuant to 42 USC § 1983, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Velasquez, J.), dated December 14, 2009, which granted the defendants' motion to dismiss the complaint for failure to serve a timely notice of claim and as time-barred, and (2) an order of the same court dated August 30, 2010, which denied his motion for leave to renew and reargue his opposition to the defendants' motion to dismiss the complaint.

Ordered that the order dated December 14, 2009, is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the cause of action to recover damages for violation of civil and constitutional rights pursuant to 42 USC § 1983 and substituting therefor a provision denying that branch of the motion; as so modified, the order dated December 14, 2009, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated August 30, 2010, as denied that branch of the plaintiff's motion

which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 30, 2010, is affirmed insofar as reviewed, without costs or disbursements.

General Municipal Law § 50-e requires that a notice of claim be served within 90 days after a tort claim arises against a municipality (see General Municipal Law § 50-e [1] [a]). "Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality" (Matter of National Grange Mut. Ins. Co. v Town of Eastchester, 48 AD3d 467, 468 [2008]). However, a notice of claim is not a condition precedent to a cause of action, asserted pursuant to 42 USC § 1983, which seeks to recover damages premised on violations of federal civil or constitutional rights under color of state law (see 42 USC § 1983; Felder v Casey, 487 US 131 [1988]; Burton v Matteliano, 81 AD3d 1272 [2011]; Montano v City of Watervliet, 47 AD3d 1106 [2008]; Pendleton v City of New York, 44 AD3d 733 [2007]).

The Supreme Court properly determined that a timely notice of claim was required to be served upon the defendants to the extent the plaintiff asserted claims sounding in common-law tort (see Matter of Peterson v New York City Dept. of Envtl. Protection, 66 AD3d 1027 [2009]; Matter of Leeds v Port Washington Union Free School Dist., 55 AD3d 734 [2008]; Matter of Brownstein v Incorporated Vil. of Hempstead, 52 AD3d 507 [2008]). The Supreme Court also properly determined that the first notice of claim which was "actually received" by the defendants relating to the claims that purportedly arose on May 31, 2007, was stamped received on July 18, 2008, which was well beyond the statutory time period (see General Municipal Law § 50-e [1] [a]). Furthermore, the Supreme Court properly rejected the plaintiff's contention that his claims were equitable in nature, as the plaintiff's principal objective was to recover money damages. The Supreme Court also properly rejected the plaintiff's contention that his claims arose from a "continuous wrong," as the plaintiff did not predicate his claims on continuing unlawful acts but, rather, on the continuing effects of "earlier unlawful conduct" (Selkirk v State of New York, 249 AD2d 818, 819 [1998]; see also Chardon v Fernandez, 454 US 6, 8 [1981]; Prisco v State of New York, 62 AD3d 978 [2009]; Matter of Civil Serv. Empls. Assn. Inc. v Diana, 48 AD3d 803 [2008]; Kaufman v State of New York, 18 AD3d 503 [2005]).

However, after affording the plaintiff's allegations every possible favorable inference, we are unwilling to determine at this pre-answer stage of the litigation that the plaintiff has failed to

assert claims alleging violations of federal civil and constitutional rights under color of state law, especially where, as here, the pleading is not being challenged for its sufficiency pursuant to CPLR 3211 (see 42 USC § 1983; see generally Matter of Upstate Land & Props., LLC v Town of Bethel, 74 AD3d 1450 [2010]; Sonne v Board of Trustees of Vil. of Suffern, 67 AD3d 192 [2009]).

Accordingly, the Supreme Court's dismissal of the complaint based on the plaintiff's failure to timely serve a notice of claim was proper except to the extent it dismissed the plaintiff's cause of action to recover damages for violation of his federal civil and constitutional rights under color of state law (see Dorce v United Rentals N. Am., Inc., 78 AD3d 1110 [2010]; Pendleton v City of New York, 44 AD3d 733 [2007]).

The Supreme Court also properly denied that branch of the plaintiff's motion which was for leave to renew his opposition to the defendants' motion to dismiss the complaint. "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Elder v Elder, 21 AD3d 1055, 1055 [2005]; Matter of Allstate Ins. Co. v Liberty Mut. Ins., 58 AD3d 727 [2009]). A motion for leave to renew must be based upon new facts, not offered on the original application, "that would change the prior determination" (CPLR 2221 [e] [2]; see Matter of Korman v Bellmore Pub. Schools, 62 AD3d 882, 884 [2009]). The new or additional facts must have either not been known to the party seeking renewal (see Matter of Shapiro v State of New York, 259 AD2d 753 [1999]) or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion (see Cole-Hatchard v Grand Union, 270 AD2d 447 [2000]). However, in either instance, a "reasonable justification" for the failure to present such facts on the original motion must be presented (CPLR 2221 [e] [3]; see Matter of Korman v Bellmore Pub. Schools, 62 AD3d at 884). What constitutes a "reasonable justification" is within the Supreme Court's discretion (Heaven v McGowan, 40 AD3d 583 [2007]). Here, the Supreme Court did not improvidently exercise its discretion in denying leave to renew. Where, as here, the "new evidence" consists of documents which the plaintiff knew existed, and were in fact in his own possession at the time the initial motion was made, no reasonable justification exists for the plaintiff's failure to exercise due diligence by submitting the documents in the first instance (see generally May v May, 78 AD3d 667 [2010]; Huma v Patel, 68 AD3d 821, 822 [2009]).

The plaintiff's remaining contentions are without merit and, in light of our determination, we need not address the defendants' remaining contention. Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.