In an action for the equitable distribution of marital property following a foreign judgment of divorce, the defendant appeals from an order of the Supreme Court, Queens County (Esposito, J.), dated June 22, 2011, which denied her motion, in effect, for leave to reargue and renew that branch of her prior cross motion which was to compel disclosure, which had been denied in an order of the same court dated September 21, 2009 (Fitzmaurice, J.).
Ordered that the appeal from so much of the order dated June 22, 2011, as denied that branch of the defendant’s motion *1020 which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Lamacchia v Schwartz, 94 AD3d 712 [2012]; Grossman v New York Life Ins. Co., 90 AD3d 990 [2011]); and it is further,
Ordered that the order dated June 22, 2011, is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
Contrary to the defendant’s contention, the Supreme Court properly treated the instant motion as a motion for leave to reargue and renew that branch of her prior cross motion which was to compel disclosure. Although the instant motion was predicated on a different legal argument and supported by evidence not submitted on the prior cross motion, both motions essentially sought identical relief, i.e., disclosure of the plaintiffs income and assets acquired between the date of a foreign judgment of divorce and the date of commencement of this action for equitable distribution. Thus, the instant motion was, in actuality, one for leave to reargue and renew (see Cunningham v Diers, 14 AD3d 528, 529 [2005]; Agayeva v KJ Shuttle Serv., 284 AD2d 488 [2001]; Cangro v Cangro, 272 AD2d 286 [2000]; Mucciola v City of New York, 177 AD2d 553, 554 [1991]).
Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the instant motion which was, in effect, for leave to renew. A motion for leave to renew “shall be based upon new facts not offered on the prior motion that would change the prior determination” and “shall contain reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [2], [3]; see DeMarquez v Gallo, 94 AD3d 1039 [2012]; Matter of Choy v Mai Ling Lai, 91 AD3d 772 [2012]). Although the requirement that a motion for renewal must be based on new facts is a flexible one (see DeMarquez v Gallo, 94 AD3d 1039 [2012]; Matter of Beren v Beren, 92 AD3d 676, 677 [2012]), a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation, and the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion (see Bazile v City of New York, 94 AD3d 929 [2012]; Eskenazi v Mackoul, 92 AD3d 828, 829 [2012]; Worrell v Parkway Estates, LLC, 43 AD3d 436, 437 [2007]; Renna v Gullo, 19 AD3d 472, 473 [2005]). Here, the defendant relied on additional facts known to her at the time of her prior cross motion without demonstrating a reasonable justification for failing to submit these facts on the earlier cross motion (see Bazile v City of New York, 94 AD3d 929 [2012]; *1021 Eskenazi v Mackoul, 92 AD3d at 829; Dervisevic v Dervisevic, 89 AD3d 785, 787 [2011]). In any event, the defendant failed to demonstrate that the additional facts she submitted would change the Supreme Court’s prior determination denying that branch of her cross motion which was to compel discovery (see Eskenazi v Mackoul, 92 AD3d at 829). Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.