In an action to foreclose a mortgage, the defendant Narharry Ghaness appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated April 6, 2011, which denied his motion for leave to renew and reargue his motion to vacate a judgment of foreclosure and sale of the same court dated March 3, 2009, entered upon his default in answering or appearing.
Ordered that the appeal from so much of the order as denied that branch of the motion of the defendant Narharry Ghaness which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the respondent.
A motion for leave to renew must be based upon new facts, not offered on the original motion “that would change the prior determination” (CPLR 2221 [e] [2]; see Rowe v NYCPD, 85 *586 AD3d 1001, 1003 [2011]; Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc., 71 AD3d 628 [2010]). The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court’s discretion, be based on facts known to the party seeking renewal at the time of the original motion (see Dervisevic v Dervisevic, 89 AD3d 785, 786-787 [2011]; Rowe v NYCPD, 85 AD3d at 1003). However, in either instance, a “reasonable justification” for the failure to present such facts on the original motion must be presented (CPLR 2221 [e] [3]). Here, the “new evidence” offered by the appellant consisted of information which the appellant knew or should have known to have existed at the time of his motion to vacate, and he failed to set forth a reasonable justification as to why he failed to submit this information in the first instance (see Dervisevic v Dervisevic, 89 AD3d at 786-787; Rowe v NYCPD, 85 AD3d at 1003).
Accordingly, the Supreme Court properly denied that branch of the appellant’s motion which was for leave to renew his motion to vacate a judgment of foreclosure and sale entered upon his default in answering or appearing. Rivera, J.P, Angiolillo, Chambers and Roman, JJ., concur.