■ FREDERICK M. CIOFFI et al., Respondents, v S.M. FOODS, INC., et al., Appellants. (And a Third-Party Action.) [10 NYS3d 620]—

In an action to recover damages for personal injuries, etc., the defendants S.M. Foods, Inc., GFI Boston, LLC, PLM Trailer Leasing, Daniel E. Burke, and Ryder Truck Rental, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated November 20, 2012, as granted that branch of the plaintiffs' motion which was for leave to renew and reargue their opposition to the motion of the defendant Ryder Truck Rental, Inc., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against it, and, upon renewal and reargument, vacated the determination in an order of the same court dated August 13, 2012, granting the motion of the defendant Ryder Truck Rental, Inc., and thereupon denied the motion, and granted that branch of the plaintiffs' motion which was for leave to serve an amended

complaint, and the defendants Atlanta Foods International, Russell McCall's, Inc., and Doug Jay appeal (1), as limited by their brief, from so much of the same order as granted that branch of the plaintiffs' motion which was for leave to serve an amended complaint and denied their cross motion for an order directing that the action be tried without a jury and severing the legal and equitable claims for trial, and (2), as limited by their notice of appeal and brief, from so much of an order of the same court dated January 11, 2013, as granted their motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them only to the extent of dismissing the plaintiffs' claims against them for punitive damages.

Ordered that the order dated November 20, 2012, is modified, on the law, by deleting the provision thereof granting those branches of the plaintiffs' motion which were for leave to renew their opposition to the motion of the defendant Ryder Truck Rental, Inc., and for leave to serve an amended complaint, and substituting therefor a provision denying those branches of the plaintiffs' motion; as so modified, the order is affirmed; and it is further,

Ordered that the order dated January 11, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs, payable by the defendants S.M. Foods, Inc., GFI Boston, LLC, Ryder Truck Rental, Inc., PLM Trailer Leasing, and Daniel E. Burke and the defendants Atlanta Foods International, Russell McCall's, Inc., and Doug Jay, appearing separately and filing separate briefs.

On May 22, 2009, the plaintiff Frederick M. Cioffi (hereinafter the injured plaintiff), a police officer, allegedly was injured while he was conducting a traffic stop on foot when he was struck by a tractor trailer operated by the defendant Daniel E. Burke. The tractor trailer was owned by the defendant Ryder Truck Rental, Inc. (hereinafter Ryder). On September 19, 2008, the tractor trailer had been leased pursuant to a rental agreement to the defendant GFI Boston, LLC (hereinafter GFI), Burke's employer. Pursuant to the rental agreement, the tractor trailer was to be returned to Ryder by October 19, 2008.

The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, Ryder, GFI, Burke, and certain of GFI's corporate parents and principals, namely, the defendants Atlanta Foods International, Russell McCall's, Inc., and Doug Jay (hereinafter collectively the Atlanta defendants), to recover damages for personal injuries, etc. Ryder

moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against it, on the ground that, under 49 USC § 30106, known as "the Graves Amendment," it could not be held vicariously liable for the accident.

In an order dated August 13, 2012, the Supreme Court granted Ryder's motion, finding that the plaintiffs had no cause of action against it. The plaintiffs moved for leave to renew and reargue their opposition to the motion and for leave to serve an amended complaint. Ryder, GFI, Burke, S.M. Foods, Inc., and PLM Trailer Leasing (hereinafter collectively the Ryder defendants) opposed the plaintiffs' motion. The Atlanta defendants cross-moved for an order directing that the action be tried without a jury and severing the legal and equitable claims for trial.

In an order dated November 20, 2012, the Supreme Court granted that branch of the plaintiffs' motion which was for leave to renew and reargue and, upon renewal and reargument, vacated the order dated August 13, 2012, and thereupon denied Ryder's motion. The court also granted that branch of the plaintiffs' motion which was for leave to serve an amended complaint. The court denied the Atlanta defendants' cross motion.

Thereafter, the Atlanta defendants moved pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them. In an order dated January 11, 2013, the Supreme Court granted the Atlanta defendants' motion only to the extent of dismissing so much of the amended complaint as sought punitive damages against them.

The Ryder defendants appeal from so much of the order dated November 20, 2012, as granted the plaintiffs' motion. The Atlanta defendants appeal from so much of the same order as granted that branch of the plaintiffs' motion which was for leave to serve an amended complaint and denied that branch of their cross motion which was for an order directing that the action be tried without a jury. The Atlanta defendants also appeal from so much of the order dated January 11, 2013, as granted their motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them only to the extent of dismissing so much of the amended complaint as sought punitive damages against them.

"A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination and shall contain reasonable justification for the

failure to present such facts on the prior motion" (*Lindbergh v SHLO 54, LLC*, 128 AD3d 642, 644-645 [2d Dept 2015] [internal quotation marks omitted]; *see* CPLR 2221 [e] [2], [3]; *Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 585-586 [2012]; *Jovanovic v Jovanovic*, 96 AD3d 1019, 1020 [2012]; *Matter of Nelson v Allstate Ins. Co.*, 73 AD3d 929, 929 [2010]). The new or additional facts presented "either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (*Deutsche Bank Trust Co. v Ghaness*, 100 AD3d at 586; *see Rowe v NYCPD*, 85 AD3d 1001, 1003 [2011]). "However, in either instance, a reasonable justification for the failure to present such facts on the original motion must be presented" (*Deutsche Bank Trust Co. v Ghaness*, 100 AD3d at 586 [internal quotation marks omitted]). Accordingly, "the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (*Jovanovic v Jovanovic*, 96 AD3d at 1020; *see Rowe v NYCPD*, 85 AD3d at 1003). Reasonable justification does not exist where "the 'new evidence' consists of documents which the [moving party] knew existed, and were in fact in his own possession at the time the initial motion was made" (*Rowe v NYCPD*, 85 AD3d at 1003; *see Jovanovic v Jovanovic*, 96 AD3d at 1020).

Here, the Supreme Court should have denied that branch of the plaintiffs' motion which was for leave to renew their opposition to Ryder's motion. The record establishes that the materials relied upon by the plaintiffs in support of that branch of their motion which was for leave to renew were either in their possession prior to the date on which they filed their opposition to Ryder's motion or were reasonably available to them. Thus, because the plaintiffs failed to set forth "a reasonable justification for failing to present the new facts on the original motion," the Supreme Court improvidently exercised its discretion in granting that branch of their motion which was for leave to renew (*see Jovanovic v Jovanovic*, 96 AD3d at 1020; *Rowe v NYCPD*, 85 AD3d at 1003).

However, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to reargue. A motion for leave to reargue is similarly directed to the trial court's discretion and, to warrant reargument, the moving party must demonstrate that the court overlooked or misapprehended the relevant facts or misapplied a controlling principle of law (*see* CPLR 2221 [d]; *Central Mtge.*

*Co. v McClelland,* 119 AD3d 885, 886 [2014]). The Graves Amendment provides, generally, that the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle by reason of being the owner of the vehicle for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) "there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)" (49 USC § 30106 [a]; *see Bravo v Vargas,* 113 AD3d 579, 580 [2014]; *Ballatore v HUB Truck Rental Corp.,* 83 AD3d 978, 979 [2011]; *Gluck v Nebgen,* 72 AD3d 1023 [2010]). Here, the plaintiffs demonstrated that the court overlooked the fact that, although Ryder was in the business of leasing vehicles, it failed to offer evidence demonstrating that the accident occurred during the period of rental or lease.

Further, upon granting reargument, the Supreme Court properly determined that Ryder was not entitled to summary judgment dismissing the complaint insofar as asserted against it. Ryder failed to meet its prima facie burden of demonstrating that the plaintiffs' claim against it arose "during the period of the rental or lease," as is required to obtain the protection of the Graves Amendment (49 USC § 30106 [a]; *see Davido v Salazar,* 89 AD3d 463 [2011]; *cf. Burrell v Barreiro,* 83 AD3d 984, 985 [2011]). Instead, the evidence Ryder submitted in support of its motion failed to eliminate all triable issues of fact as to whether there was any lease agreement in effect between Ryder and GFI on the date of the accident. Consequently, upon reargument, the Supreme Court correctly vacated its prior order granting Ryder's motion, and thereupon denied the motion.

The Supreme Court should have denied that branch of the plaintiffs' motion which was for leave to serve an amended complaint. CPLR 3025 (b) provides that leave to amend a pleading should be "freely given upon such terms as may be just." This has been interpreted to mean that leave to amend a pleading should be granted provided that "the proposed amendment [is] not palpably insufficient or patently devoid of merit, and there [is] no evidence that it would prejudice or surprise the [opposing party]" (*Blue Diamond Fuel Oil Corp. v Lev Mgt. Corp.,* 103 AD3d 675, 676 [2013]; *see Hothan v Mercy Med. Ctr.,* 105 AD3d 905, 906 [2013]; *Maldonado v Newport Gardens, Inc.,* 91 AD3d 731, 731-732 [2012]; *Lucido v Mancuso,* 49 AD3d 220, 225, 226-227 [2008]). However, where this standard is met, "[t]he sufficiency or underlying merit of the proposed

amendment is to be examined no further" (*Maldonado v Newport Gardens, Inc.*, 91 AD3d at 732; *see Lucido v Mancuso*, 49 AD3d at 227).

Here, the proposed amendments set forth additional details regarding the defendants' alleged violations of various technical requirements relating to the operation of commercial vehicles, including requirements for the display of registration numbers issued by the Department of Transportation, and alleged that the defendants collectively colluded to avoid state and federal vehicle and tax regulations relating to the subject vehicle. The plaintiffs contend that these proposed amendments do not set forth independent causes of action but, instead, demonstrate "criminal wrongdoing" within the meaning of the Graves Amendment, such that the protection of that statute would not apply (*see* 49 USC § 30106 [a] [2]).

"Under the Graves Amendment (49 USC § 30106), the owner of a leased or rented motor vehicle cannot be held liable for injuries resulting from the use of such vehicle if the owner (i) is engaged in the trade or business of renting or leasing motor vehicles, and (ii) engaged in no negligence or criminal wrongdoing" (*Bravo v Vargas*, 113 AD3d at 580; *see* 49 USC § 30106 [a]; *Ballatore v HUB Truck Rental Corp.*, 83 AD3d at 979). The legislative history of the Graves Amendment indicates that it was intended to "protect the vehicle rental and leasing industry against claims for vicarious liability where the leasing or rental company's only relation to the claim was that it was the technical owner of the [vehicle]" (*Rein v Cab E. LLC*, 2009 WL 1748905, *2, 2009 US Dist LEXIS 52617, *6 [SD NY, June 22, 2009, No. 08 Civ 2899 (PAC)], citing statement of Representative Graves, 151 Cong Rec H1034, H1200 [Mar. 9, 2005]; *see Carton v General Motor Acceptance Corp.*, 611 F3d 451, 457 [8th Cir 2010]). Although the plaintiffs urge that "criminal wrongdoing" within the Graves Amendment encompasses any violation relating to the rented or leased vehicle, such an interpretation would eviscerate the protection Congress sought to offer companies in the business of renting and leasing vehicles by permitting plaintiffs to impose vicarious liability whenever any violation, no matter how technical, could be found, and whether or not that violation had any relationship to the injuries at issue. Instead, in light of this history and the principle that it is the role of the courts to "attempt to effectuate the intent of the Legislature" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]), we hold that, in referring to "criminal wrongdoing," and in coupling that term with "negligence," Congress intended to

remove the protection of the Graves Amendment only where the defendant had engaged in criminal wrongdoing which was a proximate cause of the plaintiff's injuries. Consequently, we find that the plaintiffs' proposed amendments relating to violations of vehicle regulations were not pertinent to the safety of the subject vehicle and, thus, were "palpably insufficient [and] patently devoid of merit." Therefore, the Supreme Court should have denied that branch of the plaintiffs' motion which was for leave to serve an amended complaint (*see Blue Diamond Fuel Oil Corp. v Lev Mgt. Corp.*, 103 AD3d at 676).

The Supreme Court properly denied the Atlanta defendants' cross motion for an order directing that the action be tried without a jury and severing the legal and equitable claims for trial. A plaintiff's attempt to pierce a defendant's corporate veil "does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its [parent]" (*Goel v Ramachandran*, 111 AD3d 783, 793 [2013] [internal quotation marks omitted]; *see Old Republic Natl. Tit. Ins. Co. v Moskowitz*, 297 AD2d 724, 725 [2002]). Nevertheless, " '[t]he concept is equitable in nature, and the decision whether to pierce the corporate veil in a given instance will depend on the facts and circumstances' " (*Millennium Constr., LLC v Loupolover*, 44 AD3d 1016, 1016 [2007], quoting *Hyland Meat Co. v Tsagarakis*, 202 AD2d 552, 553 [1994]). " '[W]here a plaintiff seeks legal and equitable relief in respect of the same wrong, his [or her] right to trial by jury is lost' " (*Bockino v Metropolitan Transp. Auth.*, 224 AD2d 471, 471-472 [1996] [emphasis omitted], quoting *Di Menna v Cooper & Evans Co.*, 220 NY 391, 396 [1917]).

The Atlanta defendants maintain that because the plaintiffs sought to pierce their corporate veils, they are seeking equitable relief and, thus, waived their right to a jury trial. Here, however, the plaintiffs seek only legal relief in the form of money damages (*cf. Bockino v Metropolitan Transp. Auth.*, 224 AD2d at 471-472). The fact that they relied upon the equitable theory of piercing the corporate veil did not amount to a waiver of the right to a jury trial. Accordingly, the Supreme Court correctly denied the Atlanta defendants' cross motion for an order directing that the action be tried without a jury and to sever the legal and equitable claims for trial.

Finally, the Supreme Court correctly granted the Atlanta defendants' motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them only to the extent of dismissing so much of the amended complaint as

sought punitive damages against them. The Atlanta defendants' arguments, which were aimed almost exclusively at the amendments made to the original complaint, failed to establish that the plaintiffs had not stated causes of action against them to recover for, inter alia, negligence and vicarious liability.

In light of the foregoing, we need not reach the parties' remaining contentions. Balkin, J.P., Hall, Austin and Barros, JJ., concur.