■ LORRAINE ROBINSON et al., Respondents-Appellants, v ROBERT VIANI et al., Appellants-Respondents, et al., Defendants. [34 NYS3d 109]—

In an action to recover damages for personal injuries, etc., the defendants Robert Viani and World Gym Poughkeepsie, Inc., appeal, as limited by the brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated August 25, 2014, as granted that branch of the plaintiffs' renewed motion which was for leave to renew and reargue their opposition to that branch of the prior motion of the defendants Robert Viani and World Gym Poughkeepsie, Inc., which was for summary judgment dismissing the complaint insofar as asserted against the defendant World Gym Poughkeepsie, Inc., which had been granted in an order of the same court dated October 25, 2013, and thereupon, in effect, vacated its determination in the order dated October 25, 2013, granting that branch of the prior motion and denied that branch of the prior motion. The plaintiffs cross-appeal, as limited by their brief, from stated portions of the same order.

Motion by Robert Viani and World Gym Poughkeepsie, Inc., on appeals and cross appeals from two orders of the Supreme Court, Dutchess County, dated October 25, 2013, and August 25, 2014, respectively, inter alia, to dismiss the cross appeal from the order dated August 25, 2014, on the ground that review of the issues to be raised on the cross appeal from that order is precluded by the dismissal of the cross appeal from the order dated October 25, 2013 (*see Bray v Cox*, 38 NY2d 350 [1976]). By decision and order on motion of this Court dated December 17, 2015, the cross appeal from the order dated October 25, 2013, was dismissed, and that branch of the motion which is to dismiss the cross appeal from the order dated August 25, 2014, on the ground that review of the issues to be raised on the cross appeal from that order is precluded by the dismissal of the cross appeal from the order dated October 25, 2013 (*see id.*), was held in abeyance and referred to the panel of Justices hearing the appeals and cross appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeals, it is

Ordered that the branch of the motion which is to dismiss the cross appeal from the order dated August 25, 2014, is granted, and the cross appeal is dismissed; and it is further,

Ordered that the order dated August 25, 2014, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and that branch of the plaintiffs' renewed motion which was for leave to renew and reargue their opposition to that branch of the prior motion of the defendants Robert Viani

and World Gym Poughkeepsie, Inc., which was for summary judgment dismissing the complaint insofar as asserted against the defendant World Gym Poughkeepsie, Inc., is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants Robert Viani and World Gym Poughkeepsie, Inc.

In this action arising out of a slip-and-fall accident, the Supreme Court, by order dated October 25, 2013, granted that branch of the motion of the defendants Robert Viani and World Gym Poughkeepsie, Inc. (hereinafter World Gym; hereinafter together the gym defendants), which was for summary judgment dismissing the complaint insofar as asserted against World Gym. The plaintiffs moved for leave to renew and reargue their opposition to that branch of the gym defendants' motion. The Supreme Court denied that relief, without prejudice to renewal, because the plaintiffs failed to submit the underlying motion papers and to properly delineate the facts in support of renewal as opposed to reargument. The plaintiffs submitted a renewed motion for leave to renew and reargue. In an order dated August 25, 2014, the court granted the plaintiffs' renewed motion and, thereupon, in effect, vacated its determination in the order dated October 25, 2013, granting that branch of the gym defendants' prior motion which was for summary judgment dismissing the complaint insofar as asserted against World Gym and denied that branch of the prior motion. The gym defendants appeal. We reverse.

A motion for leave to reargue is directed to the trial court's discretion and, to warrant reargument, the moving party must demonstrate that the court overlooked or misapprehended the relevant facts or misapplied a controlling principle of law (see CPLR 2221 [d]; Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891 [2015]; Central Mtge. Co. v McClelland, 119 AD3d 885, 886 [2014]).

Here, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' renewed motion which was for leave to reargue. The plaintiffs, by their submissions, failed to show that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law. The plaintiffs acknowledged that their reargument motion rested in substantial part on certain documents submitted together with their motion to renew, which had not previously been submitted to the court. Without reference to those new documents, the plaintiffs failed to demonstrate that the court had either overlooked or misapprehended the relevant facts or law. Therefore, that branch of the

plaintiffs' motion which was for leave to reargue should have been denied (*see Nicolia v Nicolia*, 84 AD3d 1327 [2011]; *Diorio v City of New York*, 202 AD2d 625 [1994]).

The Supreme Court also improvidently exercised its discretion in granting that branch of the plaintiffs' renewed motion which was for leave to renew. "A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination and shall contain reasonable justification for the failure to present such facts on the prior motion" (*Lindbergh v SHLO 54, LLC*, 128 AD3d 642, 644-645 [2015] [internal quotation marks omitted]; *see* CPLR 2221 [e] [2], [3]; *Cioffi v S.M. Foods, Inc.*, 129 AD3d at 890-891; *Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 585-586 [2012]). Under the circumstances of this case, the plaintiffs failed to set forth a reasonable justification for failing to present the new facts on the original motion, especially in light of the fact that most of the new documents submitted in support of the motion for leave to renew were reasonably available to the plaintiffs prior to the date on which they filed their opposition to the original motion (*see Cioffi v S.M. Foods, Inc.*, 129 AD3d at 890-891; *Abrams v Berelson*, 94 AD3d 782, 783-784 [2012]; *Lardo v Rivlab Transp. Corp.*, 46 AD3d 759, 760 [2007]).

The parties' remaining contentions have been rendered academic by our determination, or are not properly before us as they are raised for the first time on appeal. Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.