■ JULIO ENRIQUE HERNANDEZ, Appellant, v SILAS NWAISHIE-NYI et al., Defendants, and CHUNG HUEI WU et al., Respondents. [48 NYS3d 467]—

· In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered September 8, 2014, as granted that branch of the motion of the defendants Chung Huei Wu and Franklin Hospital which was for summary judgment dismissing the causes of action alleging negligence and medical malpractice insofar as asserted against them, and (2) so much of an order of the same court entered May 22, 2015, as denied that branch of his motion which was for leave to renew his opposition to that branch of the defendants' motion.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly sustained injuries as the result of a stroke caused when a blood clot, which the plaintiff alleges was not timely and properly diagnosed or treated, traveled from his heart to his brain. The plaintiff commenced this action, inter alia, to recover damages for medical malpractice, negligent hiring, and lack of informed consent, against, among others, the defendants Chung Huei Wu and Franklin Hospital (hereinafter together the defendants). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed only that branch of the defendants' motion which sought dismissal of the causes of action alleging medical malpractice and negligence. In an order entered September 8, 2014, the Supreme Court granted the defendants' motion in its entirety finding, inter alia, that the affirmation of the plaintiff's expert was conclusory with respect to causation. The plaintiff appeals from this order to the extent that it granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging medical malpractice and negligence.

Subsequently, the plaintiff moved for leave to renew and reargue his opposition to the defendants' motion. In his motion, the plaintiff included a supplemental affidavit of the same expert. In an order entered May 22, 2015, the Supreme Court denied the plaintiff's motion. The plaintiff appeals from so much of this order as denied that branch of his motion which was for leave to renew.

"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage" (*Castro*

*v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1006 [2010]; *see Muniz v Mount Sinai Hosp. of Queens*, 91 AD3d 612, 616 [2012]; *Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]). To prevail on a motion for summary judgment in a medical malpractice action, the defendant must "make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries" (*Matos v Khan*, 119 AD3d 909, 910 [2014]; *see Feuer v Ng*, 136 AD3d 704, 706 [2016]; *Makinen v Torelli*, 106 AD3d 782, 784 [2013]). In response, the plaintiff need only raise a triable issue of fact regarding "the element or elements on which the defendant has made its prima facie showing" (*Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d 819, 819 [2014]; *see Feuer v Ng*, 136 AD3d at 706; *Stukas v Streiter*, 83 AD3d 18, 24 [2011]). However, general and conclusory allegations that are unsupported by competent evidence are insufficient to defeat a motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *Shectman v Wilson*, 68 AD3d 848, 849 [2009]; *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800, 801 [2008]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the detailed expert affirmations of James Bopp, an internist and emergency medicine physician, and Umesh Gidwani, a pulmonologist and critical care physician, who both opined that the treatment rendered by the defendants did not deviate from accepted medical care, and that such treatment did not proximately cause any of the plaintiff's injuries (*see Brinkley v Nassau Health Care Corp.*, 120 AD3d 1287, 1289 [2014]; *Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d at 819-820). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert, John Setaro, was conclusory and speculative and failed to address specific assertions made by Bopp and Gidwani, including those regarding proximate cause (*see Brinkley v Nassau Health Care Corp.*, 120 AD3d at 1290; *Forrest v Tierney*, 91 AD3d 707, 709 [2012]; *Graziano v Cooling*, 79 AD3d 803, 804-805 [2010]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging negligence and medical malpractice insofar as asserted against them.

"A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination and shall contain reasonable justification for the

failure to present such facts on the prior motion" (*Lindbergh v SHLO 54, LLC*, 128 AD3d 642, 644-645 [2015] [internal quotation marks omitted]; *see* CPLR 2221 [e] [2], [3]; *Cioffi v S.M. Foods, Inc.*, 129 AD3d 888, 890-891 [2015]; *Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 585-586 [2012]). The new or additional facts presented "either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (*Deutsche Bank Trust Co. v Ghaness*, 100 AD3d at 586; *see Rowe v NYCPD*, 85 AD3d 1001, 1003 [2011]). "However, in either instance, a reasonable justification for the failure to present such facts on the original motion must be presented" (*Deutsche Bank Trust Co. v Ghaness*, 100 AD3d at 586 [internal quotation marks omitted]; *see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 982 [2015]; *Cioffi v S.M. Foods, Inc.*, 129 AD3d at 891). "Although the requirement that a motion for renewal must be based on new facts is a flexible one, a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Jovanovic v Jovanovic*, 96 AD3d 1019, 1020 [2012] [citations omitted]; *see Matter of Grande v City of New York*, 133 AD3d 752, 753 [2015]). Accordingly, "the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (*Jovanovic v Jovanovic*, 96 AD3d at 1020; *see Central Mtge. Co. v Resheff*, 136 AD3d 962, 963 [2016]; *Cioffi v S.M. Foods, Inc.*, 129 AD3d at 891).

Here, in support of that branch of his motion which was for leave to renew his opposition to the branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging negligence and medical malpractice insofar as asserted against them, the plaintiff failed to point to any new or additional facts beyond a new affidavit from his expert, and failed to offer an explanation as to why the new affidavit could not have been submitted with his original motion papers (*see Cioffi v S.M. Foods, Inc.*, 142 AD3d 526, 530 [2016]; *Coccia v Liotti*, 70 AD3d 747, 753 [2010]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew his opposition to the subject branch of the defendants' motion. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.