Armstrong v Armstrong (2018 NY Slip Op 03953)





Armstrong v Armstrong


2018 NY Slip Op 03953


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-08829
 (Index No. 5736/06)

[*1]Joann Armstrong, respondent, 
v
Rudolph Armstrong, appellant.


Howard Benjamin, New York, NY, for appellant.
Gina M. Angelillo, New York, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Janet C. Malone, J.), dated April 18, 2016. The order and judgment, insofar as appealed from, denied the defendant's cross motion for leave to renew his prior motion to recover certain items of personal property, which had been denied in an order of the same court (John P. Colangelo, J.) dated January 30, 2014.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In this divorce action, the parties entered into a stipulation of settlement which was incorporated but not merged into a judgment of divorce. The defendant was subsequently determined to be in contempt and was incarcerated after he repeatedly failed to make equitable distribution and maintenance payments in accordance with the stipulation of settlement.
The plaintiff was appointed receiver and authorized to divide the marital property that remained in the former marital home. The defendant alleged that, after he was incarcerated, he returned to find that the former marital home had been virtually emptied of all personal property. He moved to recover certain items of personal property that he alleged had been improperly taken by the plaintiff. After a hearing at which the plaintiff, the defendant, and nonparty witnesses testified, the Supreme Court denied the defendant's motion. Although the plaintiff acknowledged taking certain items of personal property from the former marital residence in accordance with the prior court order appointing her as receiver, the court determined that the defendant failed to demonstrate that the disputed items belonged to him and, in any event, he failed to demonstrate the value of those items.
In response to a subsequent motion by the plaintiff, among other things, to enforce the terms of the stipulation of settlement, the defendant cross-moved for leave to renew his prior motion to recover the disputed items of personal property. In support of his cross motion, the defendant attached affidavits from individuals who had been employed by the plaintiff to help her move items out of the former marital residence. In an order and judgment (one paper) dated April 18, 2016, the Supreme Court, inter alia, denied the defendant's cross motion for leave to renew his prior motion. The defendant appeals.
A motion for leave to renew must be based upon new facts, not offered on the original motion "that would change the prior determination" (CPLR 2221[e][2]; see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 585-586). "The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 586; see Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891). "However, in either instance, a reasonable justification' for the failure to present such facts on the original motion must be presented" (Rowe v NYCPD, 85 AD3d 1001, 1003, quoting CPLR 2221[e][3]; see Cioffi v S.M. Foods, Inc., 129 AD3d at 891; Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 856). "[T]he Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Jovanovic v Jovanovic, 96 AD3d 1019, 1020; see Cioffi v S.M. Foods, Inc., 129 AD3d at 891).
The defendant failed to set forth a reasonable justification for his failure to provide the purportedly new evidence in connection with his original motion (see Quinones v 9 E. 69th St., LLC, 132 AD3d 751, 752; United Med. Assoc., PLLC v Seneca Ins. Co., Inc., 125 AD3d 959, 961; Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 586; see also Cioffi v S.M. Foods, Inc., 129 AD3d at 891). In any event, the allegedly new facts would not have changed the prior determination. The purportedly new evidence did not establish that the plaintiff took any items that belonged to the defendant and did not establish the value of any such items. Accordingly, we agree with the Supreme Court's determination to deny the defendant's cross motion for leave to renew (see Ciliotta v Ranieri, 149 AD3d 1032, 1034; Matter of O'Gorman v O'Gorman, 122 AD3d 744, 744-745; Williams v Nassau County Med. Ctr., 37 AD3d 594, 594; Mountains Realty Corp. v Gelbelman, 29 AD3d 874, 875; Steinberg v Steinberg, 15 AD3d 388, 389).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court