Matter of Dziubkowski (2020 NY Slip Op 00412)





Matter of Dziubkowski


2020 NY Slip Op 00412


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-13772

[*1]In the Matter of Sophie Dziubkowski, deceased. Lucius Tyrasinski, petitioner-respondent; Barbara Hunter, objectant; Edwin I. Gorski, nonparty-appellant. (File No. 1114/16)


Edwin I. Gorski, New York, NY, nonparty-appellant pro se.
Solomon & Bernstein, New York, NY (Gloria Goldenberg of counsel), for petitioner-respondent.



DECISION & ORDER
In a probate proceeding, nonparty Edwin I. Gorski appeals from an order of the Surrogate's Court, Kings County (Margarita Lopez-Torres, S.), dated June 19, 2018. The order denied the motion of nonparty Edwin I. Gorski, in effect, for leave to renew his prior cross motion for an award of attorneys' fees and a hearing on the validity of a retainer agreement entered into with successor counsel, which had been denied in an order of the same court dated March 5, 2018.
ORDERED that the order dated June 19, 2018, is affirmed, with costs.
In this probate proceeding, nonparty Edwin I. Gorski represented the petitioner, Lucius Tyrasinski. Tyrasinski moved to relieve Gorski as counsel and substitute successor counsel, and Gorski cross-moved for an award of attorneys' fees and a hearing on the validity of the retainer agreement entered into between Tyrasinski and successor counsel. In an order dated March 5, 2018, the Surrogate's Court granted Tyrasinski's motion and denied Gorski's cross motion.
Gorski then moved, in effect, for leave to renew his prior cross motion. Tyrasinski opposed the motion. In an order dated June 19, 2018, the Surrogate's Court denied Gorski's motion, and Gorski appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586; Jovanovic v Jovanovic, 96 AD3d 1019, 1020). "Although the requirement that a motion for renewal must be based on new facts is a flexible one, a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation," and the court "lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Jovanovic v Jovanovic, 96 AD3d at 1020 [citations omitted]).
Here, the Surrogate's Court providently exercised its discretion in denying the motion for leave to renew. Gorski raised for the first time facts that were known to him at the time of his prior cross motion without demonstrating a reasonable justification for failing to submit such facts at that time (see id.). Moreover, Gorski failed to demonstrate that the newly-raised facts he submitted would change the court's prior determination (see id.).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court