Emigrant Bank v Nicolaou (2021 NY Slip Op 05545)





Emigrant Bank v Nicolaou


2021 NY Slip Op 05545


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-08907
 (Index No. 2288/13)

[*1]Emigrant Bank, etc., respondent,
v
Sotiris Nicolaou, appellant, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Stagg, Terenzi, Confusione & Wabnik, LLP, Garden City, NY (Ronald P. Labeck of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sotiris Nicolaou appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 3, 2018. The order, insofar as appealed from, denied that defendant's motion, among other things, (1) pursuant to CPLR 5015(a) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered July 27, 2017, (2) for leave to renew his opposition to the plaintiff's motion for summary judgment on the complaint and for an order of reference, which was granted in an order of the same court entered July 29, 2014, and (3) pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order entered May 3, 2018, is affirmed insofar as appealed from, with costs.
The underlying facts are set forth in this Court's decision and order on a related appeal (Emigrant Bank v Nicolaou, ___ AD3d ___ [Appellate Division Docket No. 2017-12673; decided herewith]). Following the issuance of an order and judgment of foreclosure and sale, the defendant Sotiris Nicolaou (hereinafter the defendant) moved, among other things, (1) to vacate the order and judgment of foreclosure and sale, (2) for leave to renew his opposition to the plaintiff's motion for summary judgment on the complaint and for an order of reference, and (3) pursuant to CPLR 3211(a) to dismiss the complaint, based on his contention that the underlying loan was a high-cost home loan under Banking Law § 6-l(1)(g)(i) and (ii) and was issued in violation of the requirements of Banking Law § 6-l. The Supreme Court denied the motion, and the defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly denied his motion. The subject loan was not a high-cost home loan under Banking Law § 6-l(1)(g)(i) (see Emigrant Bank v Nicolau, ___ AD3d ___ [Appellate Division Docket No. 2017-12673; decided herewith]). Moreover, the HUD-1 statement, proffered by the defendant in support of his newly asserted argument that the loan constituted a high-cost home loan under Banking Law § 6-l(1)(g)(ii), did not constitute either "newly-discovered evidence" so as to support vacatur of the order and judgment of foreclosure and sale (CPLR 5015[a][2]; see Branch Banking & Trust Co. v Jacobson, [*2]194 AD3d 685, 686), or "new facts not offered on the prior motion that would change the prior determination" so as to support renewal of his opposition to the plaintiff's motion for summary judgment on the complaint and an order of reference (CPLR 2221[e][2]; see Cioffi v S.M. Foods, Inc., 129 AD3d 888, 890-891).
In view of the foregoing, we do not consider the defendant's remaining contentions.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court