Seror v Clearview Operating Co., LLC (2025 NY Slip Op 01125)

Seror v Clearview Operating Co., LLC

2025 NY Slip Op 01125

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-02521
 (Index No. 706390/22)

[*1]Daniel Seror, etc., respondent, 
v
Clearview Operating Co., LLC, etc., appellant.

Caitlin Robin & Associates, PLLC, New York, NY (Mark Laughlin of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for gross negligence and wrongful death, the defendant appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered January 23, 2023. The order, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was for leave to renew his opposition to the defendant's prior motion pursuant to CPLR 3211(a)(7) to dismiss the complaint, which had been granted in an order of the same court entered November 21, 2022, and, upon renewal, vacated the order entered November 21, 2022, and thereupon, in effect, denied the defendant's prior motion.
ORDERED that the order entered January 23, 2023, is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for leave to renew his opposition to the defendant's prior motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is denied, and the order entered November 21, 2022, is reinstated.
The plaintiff, as administrator of the estate of Eleanor Seror (hereinafter the decedent), commenced this action against the defendant, the owner of the facility at which the decedent resided before her death. The plaintiff asserted causes of action alleging, inter alia, gross negligence and wrongful death. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, contending, among other things, that, pursuant to the Emergency or Disaster Treatment Protection Act (Public Health Law former §§ 3080-3082, repealed by L 2021, ch 96, § 1), it was immune from liability for the causes of action alleged in the complaint. The plaintiff opposed. In an order entered November 21, 2022 (hereinafter the November 2022 order), the Supreme Court granted the defendant's motion. The plaintiff thereafter moved for leave to renew and reargue his opposition to the defendant's prior motion. In an order entered January 23, 2023, the Supreme Court, in effect, granted that branch of the plaintiff's motion which was for leave to renew and, upon renewal, vacated the November 2022 order and thereupon, in effect, denied the defendant's prior motion. The court also, in effect, denied that branch of the plaintiff's motion which was for leave to reargue. The defendant appeals from so much of the order as, in effect, granted that branch of the plaintiff's motion which was for leave to renew his opposition to the defendant's prior motion, which had been granted in the November 2022 order and, upon renewal, vacated the November 2022 order and thereupon, in effect, denied the defendant's prior motion.
A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e][2]) and shall contain [*2]reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]). "The new or additional facts presented either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891 [internal quotation marks omitted]; see Matter of Serviss v Incorporated Vil. of Floral Park, 164 AD3d 512, 513). "While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Seegopaul v MTA Bus Co., 210 AD3d 715, 716; see Hernandez v Nwaishienyi, 148 AD3d 684, 687). Thus, "the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Cioffi v S.M. Foods, Inc., 129 AD3d at 891 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Mone, 185 AD3d 626, 629).
Here, the Supreme Court should have denied that branch of the plaintiff's motion which was for leave to renew his opposition to the defendant's prior motion to dismiss the complaint. The purported new information that the plaintiff relied upon was available to him prior to the date he filed his opposition, but he failed to include the information in his opposition nor did he set forth a reasonable justification for failing to include the information in his opposition. Thus, the court should have denied that branch of the plaintiff's motion which was for leave to renew (see JPMorgan Chase Bank, N.A. v Novis, 157 AD3d 776, 777; Robinson v Viani, 140 AD3d 845, 848).
The defendant's remaining contentions need not be reached in light of our determination.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court