## McKenzie v RXR 9-47 Hall St. Owner, LLC

2026 NY Slip Op 30941(U)

March 10, 2026

Supreme Court, Kings County

Docket Number: Index No. 503879/2021

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of the Supreme Court of the State of New York, Kings County, at the Courthouse located at 360 Adams Street, Brooklyn, New York on the 10th day of March 2026.

P R E S E N T:  HON. ANNE J. SWERN, J.S.C.

=====================================================

KERN McKENZIE,

Plaintiff,

-against-

RXR 9-47 HALL STREET OWNER, LLC, RXR REALTY, LLC, RXR CONSTRUCTION SERVICES LLC and RXR CONSTRUCTION & DEVELOPMENT, LLC,

Defendants.

=====================================================

RXR 9-47 HALL STREET OWNER, LLC, RXR REALTY, LLC, RXR CONSTRUCTION SERVICES LLC and RXR CONSTRUCTION & DEVELOPMENT, LLC,

Third-Party Plaintiffs,

-against –

FAHRENHEIT MECHANICAL LLC,

Third-Party Defendant.

=====================================================

**DECISION & ORDER**

Index No.:     503879/2021

Motion Seq.:   004

Return Date:   12/11/2025

*Recitation of the following papers as required by CPLR 2219(a):*

|  |  | **NYSCEF Papers Numbered** |
|---|---|---|
| 004 | Notice of Motion and Supporting Documents | 111-128 |
|  | Affirmation in Opposition | 134 |
|  | Reply Affirmation | 135 |

*Upon the foregoing papers, the decision and order of the Court is as follows:*

Defendants/Third Party Plaintiffs RXR 9-47 HALL STREET OWNER, LLC, RXR

REALTY, LLC, RXR CONSTRUCTION SERVICES LLC and RXR CONSTRUCTION &

DEVELOPMENT, LLC, have moved this Court for an order per CPLR § 2221 [d] to reargue this

*503879/2021*
*Page 1 of 5*

[* 1]

Court's Order dated 9/2/2025 and upon re-argument, granting summary judgment in favor of RXR REALTY, LLC, RXR CONSTRUCTION SERVICES LLC and RXR CONSTRUCTION & DEVELOPMENT, LLC (collectively RXR) on their claims for contractual indemnification against Third-Party Defendant, FAHRENHEIT MECHANICAL LLC. (Fahrenheit)

Plaintiff commenced this action to recover damages for personal injuries sustained while in the course of his employment with Fahreinheit as a pipe fitter. The injuries occurred when plaintiff's hand was sucked into a Ridgid Model 918 Roll Groover resulting in a partial amputation of his right index finger. He underwent multiple surgeries, including what has been described as a "revision amputation of the right index finger." Plaintiff's complaint alleged causes of action per Labor Law § 200 and § 241(6).

The Order dated 9/2/2025 denied RXR's motion for summary judgment for an order per CPLR 3212, *inter alia,* granting summary judgment on their third-party claims for contractual indemnification against Fahrenheit (MS 002). The Order also denied Fahrenheit's motion for summary judgment dismissing plaintiff's complaint and the third-party complaint against it (MS 003).

RXR has moved for an order per CPLR § 2221 [d] to reargue only that portion of the 9/2/2025 order that denied their request for summary judgment on the issue of contractual indemnification. Fahrenheit has not moved to reargue the denial of its motion. The Court grants RXR's motion to reargue and, upon re-argument, adheres its original determination.

The Court denied RXR's motion for contractual indemnification holding that,

> [The] motion is denied as to their claim for contractual indemnification against third-party defendant Fahrenheit. Both third-party plaintiffs and third-party defendant argue that the missing safety guard was not the proximate cause of plaintiff's injuries. Rather, plaintiff was solely responsible for putting his finger inside the roll groover. Therefore, the owner and general/construction contractor, RXR 9-47 HALL STREET OWNER, LLC and RXR CONSTRUCTION

SERVICES, have not established as a matter of law that they are being held vicariously responsible for the negligence of another party (*Bazdaric v Almah Partners LLC,* 41 NY3d 317, *citing Rizzuto v L.A. Wenger Contr. Co., Inc.,* 91 NY2d 343, 348–350).  As to the authorized representative of the owner, RXR REALTY LLC, and the construction manager, RXR CONSTRUCTION & DEVELOPMENT, LLC, the sub-contract with Fahrenheit is vague as to whether it was the intention of the parties to include them in the indemnification provisions.

In support of their motion to reargue the decision, RXR argues that the Court has already found that it was not negligent as a matter of law because it granted the motion to dismiss the Labor Law § 200 cause of action that was unopposed by plaintiff.  Therefore, since Fahrenheit was contractually obligated to indemnify RXR "from and against any and all Claims of any nature, including but not limited to legal fees and disbursements and legal fees in enforcing this indemnity, … *caused by, resulting from, arising out of, incurred in connection with or relating to the Work* and/or the acts or omissions of Subcontractor," the Court erred as a matter of law in denying the motion on this issue.

Fahrenheit argues in opposition that as to the authorized representative of the owner, RXR REALTY LLC, and the construction manager, RXR CONSTRUCTION & DEVELOPMENT, LLC, the Court did not err in denying the motion because there is a question of fact whether it was the intention of the owner and Fahrenheit to provide indemnification to these unnamed parties in the contract.  As for the owner RXR 9-47 HALL STREET OWNER, LLC and general contractor RXR CONSTRUCTION SERVICES, there was no admissible evidence that these parties lacked notice of the defective equipment on site and lacked the authority to rectify same.  Fahrenheit points to the non-party witness testimony of Kevin Doyle, the manager for RXR CONSTRUCTION SERVICES, who testified that if the owner saw something they believed was unsafe, they had the ability to stop the work.

It is well established a motion for leave to reargue is addressed to the sound discretion of the court and affords the moving party an opportunity to show that the court overlooked or misapprehended matters of fact or the law, or for some reason mistakenly arrived at its earlier decision (see CPLR §2221 [d] [2]; *JPMorgan Chase Bank, N.A. v Novis,* 157 AD3d 776, 778 [2d Dept. 2018]; *Cioffi v S.M. Foods, Inc.,* 129 AD3d 888, 891 [2d Dept. 2015]). Such a motion "shall not include any matters of fact not offered on the prior motion" (*Williams v Abiomed, Inc.,* 173 AD3d 1115, 1116 [2d Dept. 2019] [internal citations omitted]; CPLR § 2221 [d] [2]). Such a motion is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided (*Williams v Abiomed, Inc.,* 173 AD3d 1116).

The Court takes this opportunity to clarify its order dated 9/2/2025. Since plaintiff abandoned his Labor Law § 200 claim, the Court did not make any findings of fact with respect to the issues of actual or constructive notice, or the means and methods of plaintiff's work. However, the Court noted that each party argued that plaintiff was essentially 100% at fault for his injuries. Moreover, in opposition to the underlying motion, Fahrenheit argued that Kevin Doyle's testimony raised questions of fact whether the owner and general contactor were free from negligence. Therefore, the Court further clarifies that based on the testimony of Kevin Doyle, Fahrenheit demonstrated a material issue of fact whether the owner and general contractor were free from negligence and only vicariously liable for the injuries claimed by plaintiff (*compare Pillco v 160 Dikeman St, LLC,* 232 AD3d 918, 920 [2d Dept 2024] [The owner who established as a matter of law that it was free from negligence was entitled to a conditional order of contractual indemnification.]).

The Court has considered the movants' remaining arguments and finds same to be without merit.

[* 4]

Accordingly, it is hereby

ORDERED that that defendants' motion for an order per CPLR § 2221 [d] is granted and upon re-argument, the Court adheres to its initial determination denying summary judgment on the issue of contractual indemnification.

This constitutes the decision and order of the Court.

E N T E R:

_____
**Hon. Anne J. Swern, J.S.C.**
**Dated: 3/10/2026**

[* 5]