Vassiliou-Sideris v Nautilus, Inc. (2020 NY Slip Op 05255)





Vassiliou-Sideris v Nautilus, Inc.


2020 NY Slip Op 05255


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-05683
 (Index No. 8319/13)

[*1]Frances Vassiliou-Sideris, et al., appellants,
v
Nautilus, Inc., et al., respondents.


The Law Offices of Costas M. Eliades, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock] of counsel), for appellants.
Camacho Mauro Mulholland, LLP, New York, NY (Christopher C. Mauro of counsel), for respondents Nautilus, Inc., Schwinn Fitness, Schwinn Bicycle Company, Pacific Cycle, Inc. and Dorel Industries.
Martin Clearwater & Bell LLP, New York, NY (Gregory A. Cascino of counsel), for respondents New York University Medical Center, New York University Langone Medical Center, Rusk Institute of Rehabilitation Medicine, The Joan and Joel Smilow Cardiac Rehabilitation and Prevention Center of the Rusk Institute of Rehabilitation Medicine, Harmony R. Reynolds, Jonathan H. Whiteson, Mariano J. Rey, and Daniel C. Fisher.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for medical malpractice, products liability, and negligence, the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered March 14, 2018. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to renew with respect to the motion of the defendants New York University Medical Center, New York University Langone Medical Center, Rusk Institute of Rehabilitation Medicine, the Joan and Joel Smilow Cardiac Rehabilitation and Prevention Center of the Rusk Institute of Rehabilitation Medicine, Harmony R. Reynolds, Jonathan H. Whiteson, Mariano J. Rey, and Daniel C. Fisher, and the separate motion of the defendants Nautilus, Inc., Schwinn Fitness, Schwinn Bicycle Company, Pacific Cycle, Inc., and Dorel Industries, for summary judgment dismissing the complaint insofar as asserted against each of them, which were granted in an order of the same court entered October 5, 2017.
ORDERED that the order entered March 14, 2018, is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The underlying facts for this consolidated action can be found in our decision in the related appeal decided herewith (see Vassiliou-Sideris v Nautilus, Inc., ___ AD3d ___ [Appellate Division Docket No. 2017-12457; decided herewith]). The plaintiffs appeal from so much of an order as denied that branch of their motion which was for leave to renew with respect to the unopposed motion of the defendants New York University Medical Center, New York University [*2]Langone Medical Center, Rusk Institute of Rehabilitation Medicine, the Joan and Joel Smilow Cardiac Rehabilitation and Prevention Center of the Rusk Institute of Rehabilitation Medicine, Harmony R. Reynolds, Jonathan H. Whiteson, Mariano J. Rey, and Daniel C. Fisher, and the separate unopposed motion of the defendants Nautilus, Inc., Schwinn Fitness, Schwinn Bicycle Company, Pacific Cycle, Inc., and Dorel Industries, for summary judgment dismissing the complaint insofar as asserted against each of them, which were granted in an order entered October 5, 2017.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "Although the requirement that a motion for renewal must be based on new facts is a flexible one, a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation, and the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Jovanovic v Jovanovic, 96 AD3d 1019, 1020 [citations omitted]; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017; Matter of Dziubkowski, 179 AD3d 918, 918-919; Caronia v Peluso, 170 AD3d 649, 651). Here, there was no opposition by the plaintiffs to the separate summary judgment motions that could have been renewed (see Wright v Brooklyn Renaissance Funding Co., LLC, 174 AD3d 676, 677), and, moreover, the plaintiffs failed to offer new evidence which would have changed the Supreme Court's original determination. Accordingly, we agree with the court's determination to deny that branch of the plaintiffs' motion which was for leave to renew.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court