■ HOWARD A. BALSAM, Respondent, v PATRICK FIORIGLIO, Appellant, et al., Defendants. [999 NYS2d 425]—

In an action to foreclose a mortgage, the defendant Patrick Fioriglio appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Schack, J.), dated January 6, 2014, as, upon a decision of the same court dated August 5, 2013, made after a nonjury trial, is in favor of the plaintiff and against him.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On November 15, 2006, the defendants Patrick Fioriglio and Zenda Fioriglio (hereinafter together the Fioriglios) borrowed from the plaintiff the principal sum of $60,000 at an annual interest rate of 13%, and the plaintiff secured this obligation by taking a mortgage on the Fioriglios' residential one-family

dwelling in Brooklyn. The Fioriglios made their timely monthly mortgage payments of principal and interest from December 1, 2006, to September 1, 2007, but, in October 2007, ceased making the mortgage payments, and remain in default. In June 2008, the plaintiff commenced this foreclosure action.

After a trial on the defenses asserted by the Fioriglios, the Supreme Court awarded judgment to the plaintiff, concluding that the plaintiff was not, as a condition precedent to obtaining a judgment of foreclosure, obligated to comply with Banking Law § 6-*l* and Real Property Actions and Proceedings Law § 1302 et seq., which impose several procedural and substantive obligations upon certain mortgage lenders who make subprime or high-cost home mortgage loans and thereafter seek to foreclose on the underlying mortgages.

Statutory interpretation begins with the plain language of the statute; the clearest indicator of legislative intent is the statutory text. Therefore, "the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *see Appleton Acquisition, LLC v National Hous. Partnership*, 10 NY3d 250, 260 [2008]; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]; *Matter of Pro Home Bldrs., Inc. v Greenfield*, 67 AD3d 803, 805 [2009]; *Matter of State Div. of Human Rights v Berler*, 46 AD3d 32, 40 [2007]; *Ragucci v Professional Constr. Servs.*, 25 AD3d 43, 47 [2005]).

Section 1 of the Banking Law provides that the Banking Law and its amendments "shall be applicable to all corporations, partnerships and individuals defined in [Banking Law § 2] and to such other corporations, unincorporated associations, partnerships and individuals as shall subject themselves to special provisions thereof, or who shall, by violating any of its provisions, become subject to the penalties provided therein."

Section 6-*l* (1) of the Banking Law sets forth the definitions applicable to high-cost home loans such as the one at issue here. It defines a "[l]ender" as "a mortgage banker as defined in paragraph (f) of subdivision one of section five hundred ninety of this chapter" (Banking Law § 6-*l* [1] [i]). Section 590 (1) (f) of the Banking Law defines a "mortgage banker" as "a person or entity who or which is licensed pursuant to section five hundred ninety-one of this chapter to engage in the business of making mortgage loans in this state." Subdivision (2) of Banking Law § 590 provides that "[n]o individual, person, partnership, association, corporation or other entity shall engage in the business of making mortgage loans without first obtaining a license

from the superintendent in accordance with the licensing procedure provided in this article and such regulations as may be promulgated by the superintendent" (Banking Law § 590 [2] [a]). However, the same subdivision also provides that "[t]he licensing provisions of this subdivision shall not apply to . . . any individual, person, partnership, association, corporation or other entity which makes not more than three such loans in a calendar year, nor more than five in a two year period, provided that no such mortgage loans have been made which were solicited, processed, placed or negotiated by a mortgage broker, mortgage banker or exempt organization" (Banking Law § 590 [2] [a] [iii]).

It is not disputed that the subject mortgage loan was the only such loan the plaintiff ever made. Accordingly, the plain language of the applicable sections of the Banking Law, as set forth above, requires the conclusion that the plaintiff, as an individual who made "not more than three such loans in a calendar year, nor more than five in a two year period," was exempt from the licensing provisions of Banking Law § 590 (2) (a) (*see* Banking Law § 590 [2] [a] [iii]). Although the plaintiff was a person who made a loan without being licensed as a "mortgage broker," he was not a "lender" as defined in Banking Law § 6-*l* (1) (i), nor did fall within the definition of any other category to which the provisions of section 6-*l* of the Banking Law apply. Consequently, the Supreme Court properly concluded that the prohibitions, obligations, and requirements prescribed by that section did not apply to the plaintiff (*see* Banking Law §§ 1, 6-*l* [1] [i]), and that the plaintiff was entitled to a judgment of foreclosure regardless of whether he complied with the disputed provisions of the Banking Law.

The appellant's remaining contentions are without merit. Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.

Motion by the respondent on an appeal from a judgment of the Supreme Court, Kings County, dated January 6, 2014, inter alia, to strike the appellant's reply brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated September 29, 2014, that branch of the motion which is to strike the appellant's reply brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that that branch of the motion which is to strike the

appellant's reply brief on the ground that it refers to matter dehors the record is granted to the extent that Point II of the reply brief is stricken and has not been considered on the appeal, and that branch of the motion is otherwise denied. Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.