■ MANITOLI, LLC, Respondent, v ALISON W. HARTWELL, Appellant, et al., Defendants. [33 NYS3d 367]—

In an action to foreclose a mortgage, the defendant Alison W. Hartwell appeals from a judgment of foreclosure and sale of the Supreme Court, Dutchess County (Sproat, J.), dated August 12, 2015, which, upon an order of the same court dated February 20, 2014, granting the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference, and denying her cross motion, inter alia, to dismiss the complaint insofar as asserted against her based upon the plaintiff's alleged failure to comply with the notice requirements of RPAPL 1304, is in favor of the plaintiff and against her directing a foreclosure and sale of the subject property.

Ordered that the judgment is affirmed, with costs.

On January 13, 2010, Alison W. Hartwell (hereinafter the appellant) obtained a residential mortgage loan from the plaintiff, Manitoli, LLC (hereinafter Manitoli), in the principal sum of $225,000. Manitoli has only two members, who are sisters, and the subject mortgage loan to the appellant was its first residential mortgage loan. Manitoli made only six mortgage loans between 2010 and 2013.

On or about February 1, 2012, the appellant defaulted on the loan. Manitoli sent the appellant notice of her default, but she did not cure it. On May 10, 2013, Manitoli commenced this foreclosure action. Thereafter, Manitoli moved, inter alia, for summary judgment on the complaint and for an order of reference, and the appellant cross-moved to dismiss the complaint insofar as asserted against her on the ground that Manitoli failed to comply with the notice requirements of RPAPL 1304.

The Supreme Court granted Manitoli's motion and denied the appellant's cross motion, finding that Manitoli made a prima facie showing of its entitlement to judgment as a matter of law and that the appellant failed to raise a triable issue of fact in opposition. As pertinent to this appeal, the court determined that Manitoli was not required to comply with RPAPL 1304. Thereafter, the court entered a judgment of foreclosure and sale.

RPAPL 1304 requires specific kinds of plaintiffs in mortgage foreclosure actions relating to "home loan[s]" (RPAPL 1304 [5] [a]), to serve a pre-action, 90-day notice. As pertinent to this appeal, the statute requires compliance with RPAPL 1304 only where the plaintiff is a "mortgage loan servicer" or "lender" (RPAPL 1304 [1]). The appellant contends that Manitoli falls within both definitions.

To fall within the definition of "mortgage loan servicer," Manitoli would have to be registered, or obligated to register, pursuant to the terms of Banking Law § 590 (2) (b-1). Banking Law § 590 (2) (b-1) imposes this registration requirement on any "entity . . . engage[d] in the business of servicing mortgage loans." The phrase "servicing mortgage loans" is, in turn, defined as "receiving [certain] payments from a borrower . . . and making the payments to the owner of the loan" (Banking Law § 590 [1] [i], as added by L 2008, ch 472, § 7). The natural import of this language is that Manitoli is not a "mortgage loan servicer" because it owns the subject loan and, although it receives payments from its few mortgage clients, it does not remit those payments to any other entity. Nothing in the 2008 legislation suggests an intent on the part of the legislature to define as a "mortgage loan servicer" all entities that "service" their *own* mortgage loans (*cf.* 12 USC 2605 [i] [2]).

To adopt the appellant's argument that Manitoli is nonetheless "engage[d] in the business of servicing mortgage loans" (Banking Law § 590 [2] [b-1]), because it collects mortgage payments on its own account, would require Manitoli and similar small mortgage lenders, including individuals who might have made one mortgage loan in their lives (*cf. Balsam v Fioriglio*,

123 AD3d 750 [2014]), to register as "mortgage loan servicers," even though much larger organizations, such as banks and credit unions, are exempt from such a requirement (Banking Law § 590 [2] [b-1]; *see* Banking Law § 590 [1] [e]).

We have considered the import of certain "emergency" regulations that suggest that the term "servicing mortgage loans" is one that can in fact be used even in reference to those who "hold[ ] a mortgage loan" (3 NYCRR 418.3 [d]), as well as the opinion letters produced by the appellant in support of her contention. However, we are not persuaded that these agency opinions, or "emergency" rules, are properly understood as implying that every person who makes as much as one mortgage loan is in the business of "mortgage loan servicing" so as to be subject to the registration requirements of Banking Law § 590 (2) (b-1) or, as more pertinent in the instant case, to the requirement that a 90-day notice be served prior to the commencement of a foreclosure action relating to a home loan (*see* RPAPL 1304).

Thus, the appellant's contention that Manitoli was required to comply with RPAPL 1304 because it was a "mortgage loan servicer" is without merit.

The appellant's alternate contention, that Manitoli is a "private banker" or other "banking organization," and therefore a "lender" obligated to comply with RPAPL 1304, is without merit (*see generally* RPAPL 1304 [5] [b]; Banking Law §§ 2 [11]; 590 [1] [e], [f]; [2] [a]; *cf.* Banking Law § 161).

The appellant's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted Manitoli's motion, denied the appellant's cross motion, and subsequently entered the judgment of foreclosure and sale. Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.