■ JOHN P. KEHOE, Respondent, v HARVEST MOON BEACH HOUSE, LLC, Appellant, et al., Defendant. [38 NYS3d 69]—

In an action to foreclose a mortgage, the defendant Harvest Moon Beach House, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated February 5, 2015, as denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against it and to cancel the notice of pendency filed against the subject property.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2008 the plaintiff sold the subject property to the defendant Harvest Moon Beach House, LLC (hereinafter Harvest). In connection with the sale, Harvest gave the plaintiff a purchase money mortgage. In 2011 the plaintiff commenced this action to foreclose on the purchase money mortgage and filed a notice of pendency against the subject property. The defendants moved for summary judgment dismissing the complaint and to cancel the notice of pendency, arguing that the plaintiff failed to comply with RPAPL 1304 by serving Harvest with a notice pursuant to that statute prior to the commencement of the action.

The Supreme Court properly denied those branches of the

defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Harvest and to cancel the notice of pendency. RPAPL 1304 provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower in at least fourteen-point type" (RPAPL 1304 [1]). The statute provides that "lender" means a "mortgage banker" as defined in Banking Law § 590 (1) (f) or an "exempt organization" as defined in Banking Law § 590 (1) (e) (*see* RPAPL 1304 [5] [b]). Here, the defendants failed to establish, prima facie, that the plaintiff was a lender, assignee, or mortgage loan servicer within the meaning of RPAPL 1304 (*see* RPAPL 1304 [5] [b]; Banking Law § 590 [1] [e], [f], [h]; [2]; *Manitoli, LLC v Hartwell*, 140 AD3d 710 [2016]). Since the defendants failed to meet their prima facie burden on this issue, it is not necessary to review the sufficiency of the evidence submitted in opposition to the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Harvest's remaining contentions are without merit. Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.