Carmike Holding I, LLC v Smith (2020 NY Slip Op 01042)





Carmike Holding I, LLC v Smith


2020 NY Slip Op 01042


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-03188
 (Index No. 5403/14)

[*1]Carmike Holding I, LLC, respondent, 
v
David R. Smith, appellant, et al., defendants.


John J. Caracciolo, East Northport, NY, for appellant.
Locke Lord LLP, New York, NY (Robert H. King of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant David R. Smith appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated November 21, 2016. The judgment of foreclosure and sale, upon an order of the same court dated September 14, 2015, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant David R. Smith and for an order of reference and denying that defendant's cross motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him, and upon an order of the same court dated November 21, 2016, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and denying that defendant's cross motion pursuant to CPLR 5015(a)(3) to vacate the order dated September 14, 2015, and pursuant to CPLR 2221 for leave to renew his cross motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him and his opposition to the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against him and for an order of reference, confirmed the referee's report and directed the sale of the subject premises.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
On October 6, 2011, the defendant David R. Smith (hereinafter the defendant) executed a note evidencing a loan from the plaintiff and nonparty Steven P. Raia in the principal sum of $275,000. As security for the obligation, the defendant executed a mortgage in favor of the plaintiff and Raia encumbering certain real property located in Babylon. An allonge to the note contained an endorsement to the plaintiff, without recourse. On January 8, 2013, Raia assigned his interest in the mortgage to the plaintiff. On March 13, 2014, the plaintiff commenced this mortgage foreclosure action against the defendant and others, alleging, inter alia, that the defendant defaulted in his payment obligations under the terms of the note and mortgage. The defendant served an answer dated May 9, 2014, wherein he asserted several affirmative defenses, including violations of Banking Law §§ 6-l, 6-m, and 590.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him. In an order dated September 14, 2015, the Supreme Court granted the plaintiff's motion and denied the defendant's [*2]cross motion. The court determined that the plaintiff had demonstrated its entitlement to judgment as a matter of law against the defendant by submitting the unpaid note, the mortgage, and evidence of the defendant's default in payment. It also determined that the plaintiff had established that it did not qualify as a lender under the Banking Law and was thus exempt from the licensing provisions of Banking Law §§ 6-l(1) and 590(2). The court further determined that the defendant failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing.
In April 2016, the plaintiff moved, inter alia, for a judgment of foreclosure of sale. The defendant cross-moved pursuant to CPLR 2221 for leave to renew his prior cross motion to dismiss the complaint insofar as asserted against him and his opposition to the plaintiff's prior motion for summary judgment and, upon renewal, to dismiss the complaint insofar as asserted against him on the grounds that the plaintiff violated Banking Law §§ 6-l and 6-m and RPAPL 1306. The defendant also cross-moved pursuant to CPLR 5015(a)(3) to vacate the order dated September 14, 2015, and to dismiss the complaint insofar as asserted against him on the ground that the plaintiff misrepresented to the court that it was not a "lender" as that term is defined in the Banking Law.
In an order dated November 21, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale and denied the defendant's cross motion. In denying that branch of the defendant's cross motion which was for leave to renew his prior cross motion to dismiss and his opposition to the plaintiff's prior motion for summary judgment, the court determined that the defendant failed to demonstrate that the public mortgage records upon which he relied in support of his assertion that the plaintiff qualifies as a lender under the Banking Law were not available for submission on his original cross motion. Furthermore, the court determined that the defendant failed to provide a reasonable justification for his failure to present this evidence on the prior motion, and did not substantiate the allegation that the plaintiff was a lender as defined in Banking Law § 590 in that some of the mortgages made by the plaintiff were commercial, not residential. Thus, the court concluded that the plaintiff was not required to comply with the filing requirements of RPAPL 1306. The court also denied that branch of the defendant's cross motion which was pursuant to CPLR 5015(a)(3) to vacate the order dated September 14, 2015. The court then issued a judgment of foreclosure and sale, and the defendant appeals.
"A motion for leave to renew is addressed to the sound discretion of the court" (Matheus v Weiss, 20 AD3d 454, 454-455). Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Okumus v Living Room Steak House, Inc., 112 AD3d 799; Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930, 932; Worrell v Parkway Estates, LLC, 43 AD3d 436, 437). " The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion'" (Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 982, quoting Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586). " However, in either instance, a reasonable justification for the failure to present such facts on the original motion must be presented'" (Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891, quoting Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 586). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Worrell v Parkway Estates, LLC, 43 AD3d at 437; see Okumus v Living Room Steak House, Inc., 112 AD3d at 799; Sobin v Tylutki, 59 AD3d 701, 702; Renna v Gullo, 19 AD3d 472, 473).
Here, the defendant failed to establish that the alleged new evidence, to wit, public mortgage records that were recorded in 2011, was not available at the time of the original motion several years later. The defendant also failed to offer any excuse, let alone a reasonable justification, for failing to present the purported new evidence on the original motion. As the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion (see HSBC Bank USA, N.A. v Nemorin, 167 AD3d 855), we agree with the court's determination denying that branch of the defendant's cross motion which was for leave to renew. Further, even assuming that the defendant had a reasonable justification for failing to submit this evidence in opposition to the original motion, he failed to [*3]demonstrate that it would have changed the prior determination (see Matter of O'Gorman v O'Gorman, 122 AD3d 744, 745; Williams v Nassau County Med. Ctr., 37 AD3d 594; Giovanni v Moran, 34 AD3d 733).
We also agree with the Supreme Court's determination denying that branch of the defendant's cross motion which was pursuant to CPLR 5015(a)(3) to vacate the order dated September 14, 2015. The defendant failed to establish that the plaintiff's failure to disclose the publicly recorded mortgages, in its original motion papers, was indicative of fraud, misrepresentation, or other misconduct sufficient to warrant vacatur of the order pursuant to CPLR 5015(a)(3) (see Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980; Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676, 677-678; Rojas v Paine, 101 AD3d 843; Deutsche Bank Natl. Trust Co. v Hunter, 100 AD3d 810).
We agree with the Supreme Court's determination granting the plaintiff's motion, inter alia, for a judgment of foreclosure and sale. The plaintiff, which did not originate more than three residential mortgage loans in a calendar year, nor more than five in a two-year period, was exempt from the licensing provisions of Banking Law § 590, and was not a lender within the meaning of Banking Law §§ 6-l or 6-m (see Banking Law §§ 6-l[1][i]; 6-m[1][f]; 590[2][a][iii]; Balsam v Fioriglio, 123 AD3d 750, 751-752). Moreover, the plaintiff was not an entity falling within the definition of any other category to which the provisions of Banking Law §§ 6-l and 6-m apply. Therefore, the prohibitions, obligations, and requirements prescribed by sections 6-l, 6-m, and 590 of the Banking Law are inapplicable (see Balsam v Fioriglio, 123 AD3d at 751-752).
The parties' remaining contentions are without merit.
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court