Tylman v Yanoff (2020 NY Slip Op 04508)





Tylman v Yanoff


2020 NY Slip Op 04508


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2019-03356
 (Index No. 502951/16)

[*1]Leonid Tylman, et al., appellants,
v
Andrey Yanoff, et al., respondents.


Lumen Law, New York, NY (Mikhail Ratner of counsel), for appellants.
Kalavesios Law Group PLLC, Brooklyn, NY (Ted Kalavesios and Susan R. Nudelman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for fraud and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated January 10, 2019. The order denied the plaintiffs' motion for leave to reargue and renew their opposition to the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, which had been granted in an order of the same court dated August 3, 2017.
ORDERED that the appeal from so much of the order dated January 10, 2019, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed; and it is further,
ORDERED that the order dated January 10, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
As a threshold matter, no appeal lies from an order denying reargument (see MP v Davidsohn, 169 AD3d 788, 789). Accordingly, the appeal from so much of the order as denied that branch of the plaintiffs' motion which was for leave to reargue must be dismissed (see id. at 789).
Pursuant to CPLR 2221(e), a motion for leave to renew, inter alia, "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (Krobath v South Nassau Communities Hosp., 178 AD3d 810, 810-811 [internal quotation marks omitted]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Worrell v Parkway Estates, LLC, 43 AD3d 436, 437; see Carmike Holding I, LLC v Smith, 180 AD3d 744; Krobath v South Nassau Communities Hosp., 178 AD3d at 811).
Here, we agree with the Supreme Court's determination that the plaintiffs did not provide a reasonable justification for their failure to present the alleged new evidence in opposition to the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint (see Krobath v South [*2]Nassau Communities Hosp., 178 AD3d at 811; U.S. Bank N.A. v Ahmed, 174 AD3d 661, 665). Accordingly, the court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to renew their opposition to the defendants' motion to dismiss the complaint.
RIVERA, J.P., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court