Bank of Am., N.A. v Mancia-Parone (2021 NY Slip Op 01380)





Bank of Am., N.A. v Mancia-Parone


2021 NY Slip Op 01380


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-07127
 (Index No. 7167/14)

[*1]Bank of America, N.A., appellant, 
v
Claudia Mancia-Parone, et al., respondents, et al., defendants.


Roach & Lin, P.C., Syosset, NY (Michael C. Manniello and Kathleen Burkart of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered January 16, 2019. The order (1) denied the plaintiff's motion for leave to renew those branches of its prior motion which were to strike the answer of the defendants Claudia Mancia-Parone and Anthony Parone and to dismiss their affirmative defenses and counterclaims, and for summary judgment on the complaint, which had been denied in an order of the same court dated April 28, 2016, and (2) granted those defendants' cross motion for leave to renew their opposition to that branch of the plaintiff's prior motion which was, in effect, for summary judgment in its favor on the issue of standing, and, upon renewal, vacated the determination in the order dated April 28, 2016, in effect, granting that branch of the plaintiff's prior motion, and thereupon denied that branch of the plaintiff's prior motion.
ORDERED that the order entered January 16, 2019, is modified, on the law, by deleting the provisions thereof granting the cross motion of the defendants Claudia Mancia-Parone and Anthony Parone for leave to renew their opposition to that branch of the plaintiff's prior motion which was, in effect, for summary judgment in its favor on the issue of standing, and, upon renewal, vacating the determination in the order dated April 28, 2016, which, in effect, granted that branch of the plaintiff's prior motion, and thereupon denying that branch of the plaintiff's prior motion, and substituting therefor a provision denying the cross motion; as so modified, the order entered January 16, 2019, is affirmed, without costs or disbursements.
In 2008, the defendants Claudia Mancia-Parone and Anthony Parone (hereinafter together the Parones) executed a promissory note in the amount of $501,187 in favor of nonparty Countrywide Bank, FSB. The note was secured by a mortgage on certain real property in Queens. The plaintiff, Bank of America, N.A., commenced this action in 2014 to foreclose the mortgage. In their answer, the Parones, among other things, asserted the affirmative defense that the plaintiff lacked standing. The plaintiff moved, inter alia, for summary judgment on the complaint and to strike the Parones' answer and dismiss their affirmative defenses and counterclaim. In an order dated April 28, 2016, the Supreme Court determined that the plaintiff had standing to commence the action, but denied the subject branches of its motion on the ground that the plaintiff had failed to establish compliance with RPAPL 1304.
The plaintiff moved for leave to renew the subject branches of its prior motion. The [*2]Parones cross-moved for leave to renew their opposition to that branch of the plaintiff's prior motion which was, in effect, for summary judgment in its favor on the issue of standing. In an order entered January 16, 2019, the Supreme Court denied the plaintiff's motion, granted the Parones' cross motion, and upon renewal of the Parones's opposition to that branch of the plaintiff's prior motion which was, in effect, for summary judgment in its favor on the issue of standing, vacated the prior determination in the April 28, 2016 order, in effect, granting that branch of the plaintiff's prior motion, and thereupon denied that branch of the plaintiff's prior motion. The plaintiff appeals from the January 16, 2019 order.
Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586; see Carmike Holding I, LLC v Smith, 180 AD3d 744, 747). "However, in either instance, a 'reasonable justification' for the failure to present such facts on the original motion must be presented" (Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 586, quoting CPLR 2221[e][3]; see Carmike Holding I, LLC v Smith, 180 AD3d at 747). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Worrell v Parkway Estates, LLC, 43 AD3d 436, 437; see Tylman v Yanoff, 186 AD3d 647, 648).
Here, in support of its motion for leave to renew the subject branches of its prior motion, the plaintiff did not offer any excuse, let alone a reasonable justification, for failing to present the new evidence on the prior motion (see Wells Fargo Del. Trust Co., N.A. v De Los Santos, 186 AD3d 900, 902; U.S. Bank N.A. v Ahmed, 174 AD3d 661, 665). Accordingly, the Supreme Court properly denied the plaintiff's motion.
In support of the Parones' cross motion for leave to renew their opposition to that branch of the plaintiff's prior motion which was, in effect, for summary judgment in its favor on the issue of standing, they relied upon the affidavit of a mortgage fraud and forensic analyst. The Parones asserted that it was only after the Supreme Court's prior order that they became aware of the expert's existence. The retention of an expert not previously utilized, however, is not a proper basis for renewal (see Feurderer v Vassar Bros. Med. Ctr., 185 AD3d 789, 791; see also Loverde v Gill, 108 AD3d 748; Burgos v Rateb, 64 AD3d 530, 531). Consequently, the court should have denied the cross motion.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court