Branch Banking & Trust Co. v Jacobson (2021 NY Slip Op 02781)





Branch Banking & Trust Co. v Jacobson


2021 NY Slip Op 02781


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-04547 
2018-14555
 (Index No. 20325/12)

[*1]Branch Banking and Trust Company, respondent,
v
Yosef Yitzchak Jacobson, appellant, et al., defendants.


Zilberberg Einhorn Karpel, P.C., Syosset, NY (Samuel Karpel of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Yosef Yitzchak Jacobson appeals from (1) a judgment of foreclosure and sale of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated August 27, 2018, and (2) an order of the same court dated March 4, 2019. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property. The order dated March 4, 2019, insofar as appealed from, denied those branches of the motion of the defendant Yosef Yitzchak Jacobson which were for leave to renew and/or reargue that branch of his prior cross motion which was pursuant to CPLR 5015(a)(1) to vacate his default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against him, and upon renewal and/or reargument, to vacate an order of the same court dated June 16, 2015, and the judgment of foreclosure and sale.
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that the appeal from so much of the order dated March 4, 2019, as denied leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated March 4, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On October 12, 2012, the plaintiff commenced this action against the defendant Yosef Yitzchak Jacobson (hereinafter the defendant), among others, to foreclose a mortgage on certain property in Brooklyn. The defendant interposed an answer with affirmative defenses and counterclaims. The plaintiff served a reply to the counterclaims. In September 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and counterclaims, and for an order of reference. The defendant failed to oppose the motion. In an order dated June 16, 2015 (hereinafter the order of reference), the Supreme Court [*2]granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff.
Thereafter, in January 2016, the plaintiff moved for a judgment of foreclosure and sale. The defendant cross-moved, among other things, pursuant to CPLR 5015(a)(1) to vacate his default in opposing the plaintiff's motion, inter alia, for summary judgment, and thereupon, to vacate the order of reference. In an order dated August 27, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The court entered a judgment of foreclosure and sale, also dated August 27, 2018.
In November 2018, the defendant moved, inter alia, for leave to renew and/or reargue that branch of his prior cross motion which was pursuant to CPLR 5015(a)(1) to vacate his default in opposing the plaintiff's motion, among other things, for summary judgment, and, upon renewal and/or reargument, to vacate the order of reference and the judgment of foreclosure and sale. By order dated March 4, 2019, the Supreme Court denied the motion. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]; see Carmike Holding I, LLC v Smith, 180 AD3d 744, 747; Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020). "While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance" (Professional Offshore Opportunity Fund, Ltd. v Braider, 121 AD3d 766, 769; see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773-774; Carmike Holding I, LLC v Smith, 180 AD3d at 747). "When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d 1116, 1116; see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 774; Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020).
Here, the defendant failed to proffer a reasonable justification for failing to present the purportedly new evidence on his prior cross motion (see U.S. Bank N.A. v Francis, 189 AD3d 1511, 1513-1514; Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d at 1116).
The defendant's remaining contentions either are without merit or need not be reached in view of our determination.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for leave to renew, and we affirm the judgment of foreclosure and sale.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court