Oparaji v ABN Amro Mtge. Group, Inc. (2022 NY Slip Op 01034)





Oparaji v ABN Amro Mtge. Group, Inc.


2022 NY Slip Op 01034


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-10155
 (Index No. 2908/18)

[*1]Maurice Oparaji, appellant, 
v
ABN Amro Mortgage Group, Inc., et al., respondents, et al., defendant.


Maurice Oparaji, Rosedale, NY, appellant pro se.
Akerman LLP, New York, NY (Jordan M. Smith and Jason St. John of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered June 13, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew (1) his opposition to that branch of the prior motion of the defendants ABN Amro Mortgage Group, Inc., and Citibank, N.A., doing business as CitiMortgage, Inc., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, which had been granted in an order of the same court entered October 23, 2018, and (2) his prior cross motion for leave to enter a default judgment against the defendants ABN Amro Mortgage Group, Inc., and Richard M. Babeck and to direct the defendant Citibank, N.A., doing business as CitiMortgage, Inc., to produce a certain note signed by the plaintiff on October 24, 2003, which had been denied in the order entered October 23, 2018.
ORDERED that the order entered June 13, 2019, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for fraud against ABN Amro Mortgage Group, Inc. (hereinafter ABN), Citibank, N.A., doing business as CitiMortgage, Inc. (hereinafter CitiMortgage), and Richard M. Babeck. In an order entered October 23, 2018, the Supreme Court, inter alia, granted that branch of the motion of ABN and CitiMortgage which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and denied the plaintiff's cross motion for leave to enter a default judgment against ABN and Babeck and to direct CitiMortgage to produce a certain note signed by the plaintiff on October 24, 2003. The plaintiff thereafter moved, inter alia, for leave to renew his opposition to that branch of the prior motion and his prior cross motion, contending that a memorandum of law submitted in opposition to his cross motion and in further support of the motion was not properly served. The court denied that branch of the plaintiff's motion which was for leave to renew, and the plaintiff appeals.
Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (id. § 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see Carmike Holding I, LLC v Smith, 180 AD3d 744, 747). "A motion for leave to [*2]renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Carmike Holding I, LLC v Smith, 180 AD3d at 747 [internal quotation marks omitted]; see Worrell v Parkway Estates, LLC, 43 AD3d 436, 437). Here, the plaintiff failed to present any new fact not offered on the prior motion and cross motion that would have changed the prior determination. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew (see CPLR 2221[e]).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court