U.S. Bank, N.A. v Aber (2022 NY Slip Op 02831)

U.S. Bank, N.A. v Aber

2022 NY Slip Op 02831

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-08010
 (Index No. 27043/08)

[*1]U.S. Bank, National Association, etc., respondent,
v
Miriam Aber, appellant, et al., defendants.

David Stein, Woodmere, NY, for appellant.
Davidson Fink LLP, Rochester, NY (Ashley E. Ragan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Miriam Aber appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated May 29, 2019. The order denied that defendant's motion, inter alia, for leave to renew and reargue her prior motion, among other things, pursuant to CPLR 5015(a) to vacate so much of an order of the same court (Martin M. Solomon, J.) dated May 16, 2014, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against her and for an order of reference, which prior motion had been denied in an order of the same court (Mark I. Partnow, J.) dated February 16, 2017.
ORDERED that the appeal from so much of the order dated May 29, 2019, as denied that branch of the motion of the defendant Miriam Aber which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated May 29, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In September 2005, the defendant Miriam Aber (hereinafter the defendant) executed a note and a mortgage encumbering certain real property located in Brooklyn. In September 2008, the plaintiff commenced this action to foreclose the mortgage. The defendant failed to timely appear or answer the complaint. Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In an order dated May 16, 2014, the Supreme Court granted the plaintiff's motion.
In May 2015, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate so much of the order dated May 16, 2014, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against her and for an order of reference. In an order dated February 16, 2017, the Supreme Court denied the defendant's motion. Thereafter, the defendant moved, among other things, for leave to renew her prior motion. In an order dated May 29, 2019, the court denied that motion, and the defendant appeals from that order.
Pursuant to CPLR 2221(e), a motion for leave to renew "shall be based upon new [*2]facts not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (Krobath v South Nassau Communities Hosp., 178 AD3d 810, 810-811 [internal quotation marks omitted]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Worrell v Parkway Estates, LLC, 43 AD3d 436, 437; see Tylman v Yanoff, 186 AD3d 647, 648).
Here, the defendant failed to proffer a reasonable justification for her failure to present the purportedly new evidence on her prior motion (see Branch Banking & Trust Co. v Jacobson, 194 AD3d 683, 684; Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d 1116). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for leave to renew her prior motion, inter alia, pursuant to CPLR 5015(a) to vacate so much of the order dated May 16, 2014, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against her and for an order of reference.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., MALTESE, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court