Atalaya Asset Income Fund II, L.P. v 219 Sagg Main, LLC (2022 NY Slip Op 04001)

Atalaya Asset Income Fund II, L.P. v 219 Sagg Main, LLC

2022 NY Slip Op 04001

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2020-03483
 (Index No. 609491/15)

[*1]Atalaya Asset Income Fund II, L.P., respondent,
v 219 Sagg Main, LLC, et al., appellants, et al., defendants. Jonathan A. Stein, P.C., Cedarhurst, NY, for appellants.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino and David A. House of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants 219 Sagg Main, LLC, Benjamin Ringel, and Yael Ringel appeal from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated February 26, 2020. The order denied those defendants' motion, in effect, for leave to renew their prior cross motion pursuant to CPLR 5015(a)(1) to vacate their default and to dismiss the complaint insofar as asserted against them, which had been denied in an order of the same court dated June 21, 2016.
ORDERED that the order dated February 26, 2020, is affirmed, with costs.
In September 2015, the plaintiff commenced this action to foreclose a mortgage on real property in Suffolk County against, among others, the defendants 219 Sagg Main, LLC, Benjamin Ringel, and Yael Ringel (hereinafter collectively the defendants). The defendants failed to answer the complaint and the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. The defendants then cross-moved pursuant to CPLR 5015(a)(1) to vacate their default and to dismiss the complaint insofar as asserted against them. In an order dated June 21, 2016, the Supreme Court granted the plaintiff's motion, and denied the defendants' cross motion, finding, inter alia, that the defendants failed to show a reasonable
excuse for their failure to answer the complaint. Although the defendants appealed from that order, they failed to perfect the appeal and, by decision and order on motion of this Court dated July 5, 2017, that appeal was dismissed. The Supreme Court thereafter entered an amended order and judgment of foreclosure and sale in favor of the plaintiff and against the defendants, inter alia, confirming the referee's report and directing the sale of the real property at issue.
Thereafter, in December 2019, the defendants moved, in effect, for leave to renew their prior cross motion pursuant to CPLR 5015(a)(1) to vacate their default and to dismiss the complaint insofar as asserted against them. In an order dated February 26, 2020, the Supreme Court denied the defendants' motion. The defendants appeal.
"'A motion for leave to renew is addressed to the sound discretion of the court'" (Carmike Holding I, LLC v Smith, 180 AD3d 744, 747, quoting Matheus v Weiss, 20 AD3d 454, 454-455). A motion for leave to renew "shall be based upon new facts not offered on the prior [*2]motion that would change the prior determination" (CPLR 2221[e][2]; see Carmike Holding I, LLC v Smith, 180 AD3d at 747; Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020).
A defendant who has defaulted in answering the complaint, and who seeks to vacate the default pursuant to CPLR 5015(a)(1), "must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Bank of N.Y. Mellon v Daniels, 180 AD3d 738, 739; see EMC Mtge. Corp. v Toussaint, 136 AD3d 861, 862). Where a defendant fails to proffer a reasonable excuse for their default in answering the complaint, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense to the action (see Bank of N.Y. Mellon v Daniels, 180 AD3d at 739; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026-1027).
Here, the defendants did not offer any excuse for their failure to answer the complaint and failed to offer new facts that would change the Supreme Court's prior determination denying their cross motion to vacate their default on that ground. Since the defendants did not proffer a reasonable excuse in their original motion or new facts constituting a reasonable excuse that would change the court's earlier determination, the court providently exercised its discretion in denying the defendants' motion, in effect, for leave to renew (see e.g. Carmike Holding I, LLC v Smith, 180 AD3d at 747).
In light of the foregoing determination, we need not reach the parties' remaining contentions.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court