U.S. Bank N.A. v Morton (2026 NY Slip Op 00167)

U.S. Bank N.A. v Morton

2026 NY Slip Op 00167

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-07927
 (Index No. 67501/16)

[*1]U.S. Bank National Association, respondent,
vAllen J. Morton, etc., et al., appellants, et al., defendants.

Michael Kennedy Karlson, New York, NY, for appellants.
Hinshaw & Culbertson LLP, New York, NY (Charles W. Miller III and Leah R. Lenz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Allen J. Morton and Patsy J. Morton appeal from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated August 15, 2022. The order, insofar as appealed from, denied that branch of those defendants' motion which was for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, which had been granted in an order of the same court (William J. Giacomo, J.) dated July 16, 2018.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 22, 2016, the plaintiff commenced this action against, among others, the defendants Allen J. Morton and Patsy J. Morton (hereinafter together the defendants) to foreclose a mortgage on certain real property located in Mount Kisco. In an order dated July 7, 2017, the Supreme Court denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. Thereafter, the defendants interposed an answer to the complaint.
In an order dated July 16, 2018, the Supreme Court, inter alia, denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and granted the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated August 6, 2018, the court, inter alia, referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
Thereafter, in an order dated May 7, 2019, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. On the same day, the court issued an order and judgment of foreclosure and sale, among other things, confirming the referee's report and directing the sale of the property. In a decision and order dated July 28, 2021, this Court affirmed the order and judgment of foreclosure and sale (see U.S. Bank N.A. v Morton, 196 AD3d 715).
In April 2022, the defendants moved, inter alia, for leave to renew their opposition [*2]to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference. The plaintiff opposed the motion. In an order dated August 15, 2022, the Supreme Court, among other things, denied that branch of the defendants' motion. The defendants appeal.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see Citimortgage, Inc. v Sparozic, 223 AD3d 867, 868; Wilmington Sav. Fund Socy. FSB v Khandaker, 217 AD3d 729, 730). Contrary to the plaintiff's contention, to the extent the defendants' motion, inter alia, for leave to renew was based on the existence of allegedly new facts, the motion was not untimely (see Dudley-Lanier v City of New York, 210 AD3d 739, 741).
However, the defendants failed to demonstrate that the allegedly new facts would have changed the prior determination (see Aloi v Tobal, 236 AD3d 618). The defendants also failed to provide a reasonable justification for their failure to present the alleged new facts in opposition to the plaintiff's prior motion, among other things, for summary judgment on the complaint insofar as asserted against the defendants (see Bank of Am., N.A. v Mancia-Parone, 192 AD3d 739, 741; Wells Fargo Bank, N.A. v Mone, 185 AD3d 626, 629; Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court