Matter of American Tr. Ins. Co. v Smart Choice Med., P.C.
2026 NY Slip Op 02646
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of American Transit Insurance Company, respondent,
v
Smart Choice Medical, P.C., etc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2024-03978, (Index No. 506670/23)
Francesca E. Connolly, J.P.
Cheryl E. Chambers
Helen Voutsinas
Elena Goldberg Velazquez, JJ.

Roman Kravchenko, Melville, NY, for appellant.
Short & Billy, P.C., New York, NY (Seok Ho [Richard] Kang of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated December 29, 2022, in which Smart Choice Medical, P.C., as assignee of Kingsley Parker, cross-petitioned, inter alia, pursuant to 11 NYCRR 65-4.10(j)(4) for an award of reasonable attorneys' fees, Smart Choice Medical, P.C., appeals from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 7, 2024. The judgment, insofar as appealed from, upon so much of an order of the same court dated April 22, 2024, as denied that branch of the motion of Smart Choice Medical, P.C., which was for leave to renew its application for an award of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4), which had been denied in an order of the same court dated November 30, 2023, failed to award Smart Choice Medical, P.C., additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4).
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
American Transit Insurance Company (hereinafter the petitioner) commenced this proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated December 29, 2022, confirming an arbitration award entered in favor of Smart Choice Medical, P.C. (hereinafter Smart Choice). Smart Choice cross-petitioned, inter alia, to confirm the master arbitration award and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees. In an order dated August 23, 2023 (hereinafter the August 2023 order), the Supreme Court, among other things, upon its determination that Smart Choice was entitled to an award of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4), set forth a briefing schedule for Smart Choice to submit an affirmation on the issue of the amount of attorneys' fees to be awarded (hereinafter the affirmation of attorneys' fees) and for the petitioner to submit opposition thereto.
Thereafter, Smart Choice filed the affirmation of attorneys' fees. The petitioner opposed Smart Choice's application for an award of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4), inter alia, on the ground that the affirmation of attorneys' fees was not timely filed in accordance with the court-ordered briefing schedule. In reply, Smart Choice admitted that the affirmation of attorneys' fees was "tardy," and attributed the tardiness to law office error in the use of case management tracking software, but asked the Supreme Court to excuse the tardiness on [*2]the ground that the petitioner was not prejudiced. In an order dated November 30, 2023, the court denied Smart Choice's application for an award of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) on the ground that Smart Choice failed to comply with the court's briefing schedule and, thus, filed the affirmation of attorneys' fees late.
In December 2023, Smart Choice moved, among other things, for leave to renew its application for an award of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4). In support of renewal, Smart Choice argued for the first time that it could not comply with the Supreme Court's briefing schedule because Smart Choice's deadline for submitting the affirmation of attorneys' fees had already passed by the time the August 2023 order setting forth the briefing schedule was signed and uploaded to the court's electronic case filing system. The petitioner opposed Smart Choice's motion, contending that Smart Choice had not offered new information that was unavailable when the court made its initial determination to deny Smart Choice's application and submitted a copy of an email from Smart Choice to the court demonstrating that Smart Choice was aware of the deadline for submitting the affirmation of attorneys' fees in time to comply. In an order dated April 22, 2024, the court, inter alia, denied that branch of Smart Choice's motion. Thereafter, in a judgment dated May 7, 2024, the court, among other things, failed to award Smart Choice additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4). Smart Choice appeals from the judgment.
"A motion for leave to renew is addressed to the sound discretion of the court" (Carmike Holding I, LLC v Smith, 180 AD3d 744, 747 [internal quotation marks omitted]). Pursuant to CPLR 2221(e), a motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e][2]) and shall contain reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][3]). "The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Carmike Holding I, LLC v Smith, 180 AD3d at 747 [internal quotation marks omitted]; see Seror v Clearview Operating Co., LLC, 235 AD3d 1023, 1025). "However, in either instance, a reasonable justification for the failure to present such facts on the original motion must be presented" (Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891 [internal quotation marks omitted]; see Carmike Holding I, LLC v Smith, 180 AD3d at 747). Reasonable justification does not exist where "the 'new evidence' consists of documents which the [moving party] knew existed, and were in fact in his own possession at the time the initial motion was made" (Rowe v NYCPD, 85 AD3d 1001, 1003; see Cioffi v S.M. Foods, Inc., 129 AD3d at 891).
Here, the purported new information that Smart Choice relied upon was available to it prior to the date it filed its motion, and it failed to set forth a reasonable justification for its failure to submit this information in the first instance (see Seror v Clearview Operating Co., LLC, 235 AD3d at 1025; Carmike Holding I, LLC v Smith, 180 AD3d at 747; Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586; Jovanovic v Jovanovic, 96 AD3d 1019, 1020; Rowe v NYCPD, 85 AD3d at 1003). Accordingly, the Supreme Court properly denied that branch of Smart Choice's motion which was for leave to renew its application for an award of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4).
Smart Choice's remaining contention is without merit.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court