U.S. Bank N.A. v Cuencas (2024 NY Slip Op 06373)

U.S. Bank N.A. v Cuencas

2024 NY Slip Op 06373

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-07910
 (Index No. 704312/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Nydia Cuencas, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (David Gantz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nydia Cuencas appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered September 8, 2022. The order, insofar as appealed from, denied that branch of that defendant's motion which was, in effect, for leave to renew her prior motion to vacate an order of the same court entered July 12, 2018, granting the plaintiff's unopposed motion to confirm a referee's report and for a judgment of foreclosure and sale, which had been denied in an order of the same court entered June 7, 2022, and, upon renewal, to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered March 11, 2019.
ORDERED that the order entered September 8, 2022, is affirmed insofar as appealed from, with costs.
In 2006, the defendant Nydia Cuencas (hereinafter the defendant) executed a note in the amount of $600,000 in favor of Lend America. The note was secured by a mortgage on residential property located in Ridgewood. In June 2014, following the defendant's alleged default on her obligations under the note, the plaintiff commenced the instant action to foreclose the mortgage.
In March 2018, the defendant's attorney moved for leave to withdraw as counsel for the defendant. By order dated May 21, 2018, the Supreme Court granted the motion and directed "that all proceedings are stayed for a period of thirty (30) days from the date hereof to afford [the] defendant an opportunity to retain new counsel, if she chooses to so do." The defendant's attorney was directed to serve a copy of the order dated May 21, 2018, upon the defendant and the other parties in the matter "within twenty (20) days after the date herein."
While the defendant's attorney's motion for leave to withdraw as counsel was pending, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. 
The plaintiff's motion was marked "Fully Submitted -
No Opposition" on June 26, 2018.
By order entered July 12, 2018, the Supreme Court granted the plaintiff's unopposed [*2]motion to confirm the referee's report and for a judgment of foreclosure and sale. An order and judgment of foreclosure and sale, inter alia, confirming the referee's report was subsequently entered.
In November 2020, the defendant moved pursuant to CPLR 321(c) and 5015(a)(1) to vacate the order entered July 12, 2018, arguing, inter alia, that a stay pursuant to CPLR 321(c) had been in effect at the time the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale was marked fully submitted. The plaintiff opposed the motion.
By order entered June 7, 2022, the Supreme Court denied the defendant's motion, finding, among other things, that the record reflected "that there was no stay of this matter at the time the motion was marked 'Fully Submitted—No Opposition,' on June 26, 2018." Further, the defendant had "failed to proffer a meritorious defense to the underlying action."
Subsequently, the defendant moved, inter alia, in effect, for leave to renew her prior motion to vacate the order entered July 12, 2018, and, upon renewal, to vacate the order and judgment of foreclosure and sale. By order entered September 8, 2022, the Supreme Court, among other things, denied that branch of the defendant's motion, finding that the defendant had presented "no new facts or law that would change [the court's] prior determination." The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion," or "shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2], [3]; see HSBC Bank USA, N.A. v Krebs, 219 AD3d 1417, 1419; Waterfall Victoria Grantor Trust II, Series G v Philantrope, 211 AD3d 986, 987). "'[A] motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (HSBC Bank USA, N.A. v Krebs, 219 AD3d at 1419, quoting Hernandez v Nwaishienyi, 148 AD3d 684, 687; see Waterfall Victoria Grantor Trust II, Series G v Philantrope, 211 AD3d at 987).
Here, the Supreme Court providently exercised its discretion in denying leave to renew, as the defendant identified no new facts or change in the law that would change the prior determination (see CPLR 2221[e][2], [3]; HSBC Bank USA, N.A. v Krebs, 219 AD3d at 1419).
The defendant's remaining contention need not be addressed in light of the foregoing.
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court