Esteban v Dubuisson (2025 NY Slip Op 04763)

Esteban v Dubuisson

2025 NY Slip Op 04763

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2024-00378
2024-06247
 (Index No. 518330/21)

[*1]Alvaro Leonidas Esteban, appellant,
v
Euphone Dubuisson, et al., respondents.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross S. Friscia], of counsel), for appellant.
Anna J. Ervolina (Armienti, DeBellis & Rhoden, LLP, New York, NY [Vanessa M. Corchia and Christopher M. Grimaldi], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Gina Abadi, J.), dated December 6, 2023, and (2) an order of the same court dated March 21, 2024. The order dated December 6, 2023, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The order dated March 21, 2024, denied the plaintiff's motion for leave to renew his opposition to the defendants' prior motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order dated December 6, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated March 21, 2024, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated December 6, 2023, the Supreme Court, inter alia, granted the defendants' motion. The plaintiff thereafter moved for leave to renew his opposition to the defendants' prior motion. In an order dated March 21, 2024, the court denied the plaintiff's motion. The plaintiff appeals from both orders.
The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The defendants' medical evidence established, prima facie, that the alleged injuries to the plaintiff's left knee and to the cervical and [*2]lumbar regions of the plaintiff's spine were degenerative, preexisting, and not caused by the accident (see Amirova v JND Trans, Inc., 206 AD3d 601, 602; Gash v Miller, 177 AD3d 950; Gouvea v Lesende, 127 AD3d 811). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, his expert failed to address the findings of the defendants' experts that the alleged injuries were degenerative in nature and not caused by the accident (see Amirova v JND Trans, Inc., 206 AD3d at 602; Mnatcakanova v Elliot, 174 AD3d 798, 800; Zavala v Zizzo, 172 AD3d 793, 794; Cavitolo v Broser, 163 AD3d 913, 914).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see Clerveaux v Kensington Ins. Co., 234 AD3d 665). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Clerveaux v Kensington Ins. Co., 234 AD3d at 666 [internal quotation marks omitted]).
Here, the plaintiff moved for leave to renew his opposition to the defendants' prior motion based on an amended, affirmed report from his expert. However, the expert's amended report addressed medical evidence and expert opinions known to the plaintiff when he opposed the defendants' motion, and the plaintiff failed to offer a reasonable justification for his failure to submit an expert report addressing this evidence in his opposition to the defendants' motion. Thus, the Supreme Court properly denied the plaintiff's motion for leave to renew his opposition to the defendants' prior motion (see Clerveaux v Kensington Ins. Co., 234 AD3d 665; Aurora Loan Servs., LLC v Moreno, 232 AD3d 673, 674-675; Hernandez v Nwaishienyi, 148 AD3d 684, 687).
We need not reach the parties' remaining contentions in light of our determination.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court